*229
 
 HewdersoN, Chief-Justice
 

 This case may be deter-mined without the aid of the principle established in the / case of
 
 Daniel
 
 v.
 
 McRae,
 
 (2
 
 Hawks
 
 590,) to-wit: that in bills or notes for the accommodation of the drawer orí maker, prior and posterior indorsers stand in equal dc-{ gree as co-sureties, without any express contract to that’effect, if at the time of their respective indorsements they knew that it was accommodation paper, for the benefit of the drawer or maker, and that nothing was paid for or upon the indorsement. For. this case states, that
 
 Ro-gerson,
 
 the maker of the note, had before that time drawn a bill on
 
 Garrison
 
 and
 
 Ford,
 
 for §1000, in favor of
 
 Hatch-er,
 
 which they had accepted, and which
 
 Hatcher
 
 had indorsed to
 
 McMorine,
 
 and
 
 McMorine
 
 to another ; and finally it was discounted at bank. That the drawer and-exceptors became insolvent, and that
 
 Hatcher,
 
 the first indorser,
 
 paid the bill.
 
 If this was a real transaction,
 
 Hatcher
 
 had a right to call on
 
 Rogerson
 
 for the §1000. And if the note now in suit was drawn by
 
 Rogerson,
 
 although it might have been indorsed by
 
 McMorine
 
 solely for
 
 Rogerson''s
 
 benefit,
 
 McMorine
 
 is bound to
 
 Hatcher.
 
 Because
 
 Rogerson
 
 whom he authorized to receive value for it, has in fact-received it, as he paid it to
 
 Hatcher
 
 in part discharge of the money, which the latter had paid on the hill.
 
 Rogerson s
 
 receipt of value for the note is
 
 McMorine" s
 
 rcceiptof value, because
 
 Rogerson
 
 received it by Ids authority. This Is our daily experience with the banks upon accommodation paper. Therefore, in the absence of all proof on the subject, except that
 
 Hatcher
 
 paid the
 
 $
 
 1000 on the bill, the plaintiff has a clear right on this note and indorsement. Does
 
 Hatcher’s
 
 letter to
 
 McMo-rine,
 
 which
 
 McMorine
 
 produces, and therefore makes evidence, vary the case. I think it makes it stronger for ' the plaintiff. That letter proves, I think, that
 
 Hatcher
 
 and
 
 McMorine
 
 were
 
 Rogerson's
 
 accommodation indorsers on the bill; it requires
 
 McMorine
 
 to pay him one half, and offers to take
 
 Rogerson’s
 
 note (who was bound for the whole ) with
 
 McMorine's
 
 indorsement for $ 500. For what ? For
 
 McMorine’s
 
 part of the § 1000, which he
 
 (Hatcher
 
 ) had paid on the bill, and of which it seems, from the letter, he held
 
 McMorine
 
 bound for one
 
 half;
 
 
 *230
 
 and
 
 McMorine’s
 
 accession to the proposition, and his offering the letter in evidence, are very strong evidence that the fact is so. This superadds an obligation prior to and independent of the indorsement, on which he is sued. There is nothing then, but the testimony of the-witness, who sweai’s that the note in question was given for
 
 Hatcher’s
 
 accommodation, upon which to rest the de-fence. But how for
 
 Hatcher’s accommodation ?
 
 The witness himself tells us, that
 
 Hatcher
 
 might get it discounted at the bank, and thereby raise or get money to pay the bill”. He must mean, to reimburse
 
 Hatcher
 
 for the money paid on the bill, as the case states* that
 
 Hatcher
 
 had before that time paid thé bill. Then according to the witnesses’ own account, it was not for
 
 Hatcher’s
 
 accommodation. The parties may have called it so; but in reality from the witness’ account, it was to pay
 
 Hat-cher
 
 part of what was due to him from
 
 Rogerson,
 
 and according to the letter, and I think the acquiescence in the proposition contained in it, due to
 
 Hatcher
 
 by
 
 McMoriné
 
 also, as co-surety on the bill. If the bill of exchange had been for
 
 Hatcher’s
 
 accommodation, it cuts up the plaintiff’s case. For then this note and indorsement have no value, no consideration to rest on. I thought I might have misunderstood the case, and examined it again, to see
 
 -what
 
 the witness said was for
 
 Hatcher’s
 
 accommodation. But I find the case is explicit. It is the bond- on which this suit is brought.
 

 The judge therefore, as I conceive, mistook the point of the case as to prior and posterior indorsers. It depended not on that solely, but on the question, whether the bill for glOOO was for
 
 Hatcher’s
 
 benefit and accommodation. If it Avas, the plaintiff is entitled to recoArer.
 

 I should have been glad to revieAv the decision in
 
 Daniel
 
 v.
 
 McRae;
 
 as I am aware, that it has not given very general satisfaction ; and the Supreme Court of the United States has decided a case in direct opposition to it, which I have seen and examined. But the reasoning is very far from satisfying me, that they arc right, or that
 
 Daniel
 
 v.
 
 McRae
 
 is wrong.
 

 Per Curiam. — JudgmeNT reversed.