## THE STATE v. WILLIAM P. LYTLE.

In an indictment for forgery (upon a Statute which included *all bonds*), the forged instrument was described as a "certain bond and writing obligatory, which was placed as a prosecution bond upon the process in a suit &c., in which M. P. Lytle was plaintiff, and Mary L. Lytle, defendant, which said forged bond is as follows, that is to say, "We and each of us promise to pay the defendant in the within petition all such costs" &c.; and it appeared that such suit was for divorce, by husband against wife, and that the *bond* had been written upon a paper which contained the prisoner's affidavit for instituting the suit, which paper was attached to the petition (having the Judge's *fiat* endorsed) by being pasted to it at one corner : *Held*,

1. That the description of the bond, as *placed upon the process*, although unnecessary, became matter of substance, and in this case was not made out;

2. That the writing described as a bond (being given by husband to wife) was binding on no one ; so that it could not be the subject of forgery.

The provision for a *prosecution bond* in divorce cases (Rev. Code, c. 39, s. 5) applies only where the wife, by her *next friend*, is plaintiff.

Where the wife is defendant her costs are to be paid in advance (unless *indulged* by the officers) by the husband, as his own are ; and this will be enforced by order of court.

FORGERY, tried before *Cannon, J.*, at Fall Term 1869 of BUNCOMBE Court.

The defendant had brought suit against his wife, M. L. Lytle, for divorce, and in the course of such suit had given as a prosecution bond, the instrument for the forgery of which he was indicted.

The points upon which the decision of the case turns, render it necessary to state only that the indictment contained two counts, and charged that the defendant :

1. Did forge "a certain bond and writing obligatory, which was placed as a prosecution bond, upon the process in a suit in the Superior Court of Law of said county, in which M. P. Lytle was plaintiff and Mary L. Lytle defendant, which said forged bond is as follows, that is to say :

"We and each of us promise to pay the defendant in the

within petition all such costs and damages as may accrue on account of the within suit not being prosecuted with effect. Given &c., A. D. 1866.

M. P. LYTLE,                    [Seal.]

his
MILLINGTON ⋈ LYTLE, [Seal.]
mark.

Test:   T. L. LYTLE.

with intent to defraud the said Millington Lytle, against the form of the Statute " &c.;

2. Did forge a certain bond as above; varying the statement by charging the *suit,* as "commenced or to be commenced,"—and the *intent,* to be, "to defraud the said Mary L. Lytle."

It appeared in evidence that the writing in question was placed upon the paper containing the defendant's affidavit for instituting the suit; and that there was nothing else in the said paper except the said writing and affidavit; and that the paper was attached to the petition, (on which latter was also endorsed the Judge's *fiat,*) by being pasted together at one corner, but no other paper in said cause was so attached to it.

The defendant was convicted.

Rule for a new trial &c.; Judgment, and Appeal.

*Phillips & Merrimon* for the appellant.
*Attorney General, contra.*

1  A paper may be attached in point of law, although not so in fact. Such is the case here. *Long* v. *Magistre,* 1 John. Cas. 202.

2. Although, ordinarily, a husband cannot give a bond to his wife, yet if a Statute expressly authorize it, he may. Such is the case in divorce suits, by Rev. Code, c. 39, s. 5.

RODMAN, J.  In every indictment for forgery the instrument alleged to be forged must be set forth according to its

tenor, in order that the court may see that it is one which (if the indictment be under a statute, as in this case) is within the statute.    Our statute (Rev. Code, ch. 34, sec. 59) embraces all bonds.    The indictment in this case, in the first count, describes the forged instrument as "a certain bond and writing, obligatory, which was placed, as a prosecution bond, upon the process in a suit in the Superior Court of Law of said county, in which M. P. Lytle was plaintiff, and Mary L. Lytle defendant, which said forged bond is as follows, that is to say: "We, and each of us, promise to pay the defendant in the within petition, all such costs, &c." ·

In the second count the indictment charged that the prosecution bond was placed upon the process "in a certain suit commenced, or to be commenced, in the Superior Court, &c., in which M. P. Lytle was plaintiff, and Mary L. Lytle was defendant, which said forged bond is as follows, &c.," setting it forth as in the first court.

On the evidence, it appeared that the alleged forged bond "was placed (probably meaning, written) upon the paper containing the affidavit for instituting the suit, and there was nothing else in said paper, except the said writing and affidavit, and the said paper appeared to be attached to the petition (on which latter was also endorsed the Judge's said fiat) by being pasted together at one corner," &c.    The petition is stated to have been for divorce, by the defendant, against Mary L. Lytle, his wife.

A comparison of the indictment with the evidence, will enable us to decide this case, on a consideration of two only of the numerous exceptions to the judgment below:

1. There is clearly a variance between the allegations and the proof: the bond was not "placed upon the process," for no process had been prepared in the action.    There may have been no necessity for this averment in the indictment, but being matter of description, it cannot be considered surplusage,   and must be proved as laid.

2. But there is another objection to the indictment, which

goes more to the root of the matter. The forged writing must be one which, if genuine, would have been valid and binding on some one; otherwise no one can be defrauded by it.

It seems to us that any prosecution bond, given by a husband on a suit for divorce brought by him against his wife, and payable to the wife, is void. By the common law any bond from husband to wife, of course, is void. Then, is there anything in the nature of a prosecution bond, or in the statutes respecting them, making it otherwise in this case? The object of a prosecution bond is not to secure the payment of any costs which a plaintiff may incur to witnesses, or to the officers of the court: these he must pay in advance, unless indulged; but to secure the defendant, in case of a failure to prosecute, the reimbursement of costs which he may have paid. Probably, if the defendant, through the indulgence of officers, &c., was indebted for their fees, the judgment would be considered as in trust for them, but it would be in the name of the defendant—in this case in the name of the wife against the husband. But until the husband obtains his divorce, he is liable to all the neceessary expenses of his wife, which would include the costs in defending herself against his action, and he must be supposed to pay them as they accrue : thus *she* incurs no costs; they are all *his*; and she can never recover, therefore, any judgment for costs against him. The provision for a prosecution bond, in Rev. Code, ch. 39, sec. 5, must be construed as being intended to apply only where the wife is plaintiff, and sues by her next friend : in that case the husband would not be bound by her acts, and might recover on the prosecution bond. It may be said that this view of the rights of a wife who is sued by her husband for a divorce, might preclude her from obtaining the necessary services of the officers, &c., in making her defence : her remedy would be to apply to the court for an order upon the husband to pay into court such sum as may be proper for her use in the action.

There is error.

PER CURIAM.                          *Venire de novo.*