### STATE *v*. C. W. BULLARD.

In an indictment under section 116, Chapter 32, Battle's Revisal, for entering on the land of another and taking therefrom turpentine, &c., it is necessary that a " license so to enter," should be distinctly negatived as an essential part of the description of the offence.

INDICTMENT for entering on the land of the prosecutor and taking therefrom turpentine, tried before *Buxton, J.*, at the Spring Term, 1874, of RICHMOND Superior Court.

Upon the trial in the Superior Court, exceptions were taken to the admission of certain evidence, and to the charge of his Honor on certain points, not necessary to set out in this report, as the case was decided in this Court upon the refusal of the Court below to arrest the judgment.

The substantial facts pertinent to the decision in this Court are sufficiently stated in the opinion of the Chief Justice.

The jury found the defendant guilty. Motion in arrest of judgment; motion overruled, and appeal by the defendant.

*Steele & Walker*, for the defendant.
*Attorney General Haryrove* for the State.

PEARSON, C. J. The indictment is fatally defective in this: It does not allege that the defendant entered upon the land " *without a license therefor.*"

The rule is, an indictment must set out every matter which is necessary in order to give a description of the offence charged. The offence created by the act of 1866, chapter 61, to be found in Battle's Revisal, chapter 32, section 116, is "an entry upon the land of another," after being forbidden to do so, and " *without a license therefor.*"

So the fact of an entry, without a license therefor, is just as an essential a part of the description as " after being forbidden to do so."

When the offence is complete without reference to a license, and the fact of a license constitutes merely an excuse or justification, the bill of indictment need not negative the license; but by this statute, in the *enacting clause*, it is made a part of the description of the offence—all of the authorities are in accord upon this point, and it is not our duty to take the trouble to cite cases for the edification of those whose duty it is to draw indictments.

The suggestion of the Attorney General, that " the license " referred to in the enacting clause, is the license of the owner, and is sufficiently negatived by the averment, " after being forbidden to do so," is clearly a misapprehension. The reference is to the license, set out in the proviso, to be obtained from a Justice of the Peace, to search for stray cattle, &c.

Error.

PER CURIAM.                                    Judgment arrested.