STATE *v.* PICKETT.

*False Pretence—Sufficiency of Indictment.*

An indictment for obtaining goods, &c., under false pretences must charge not only the false pretence, but must also contain the negative averment that the pretence was actually untrue.

INDICTMENT for obtaining a horse under False Pretences tried at August Term, 1877, of NEW HANOVER Criminal Court, before *Meares, J.*

The bill of indictment was as follows: The jurors &c., present that Joseph Pickett &c., desiring to purchase a horse of Charles B. Futch, agreed to pay him the sum of eighty dol-

STATE *v.* PICKETT.

lars; $30 cash and the balance he would secure by a mortgage on a mule to which the title was perfectly good, and of which the said Joseph Pickett was the sole and only owner, as he alleged, and also on the horse &c. And the said Pickett did then and there designedly, unlawfully and falsely pretend to said Futch, that he said Pickett was the sole and only owner of said mule, and that there was no lien or other ownership existing thereon, well knowing the same to be false, by color of which said false pretence, he said Pickett did then and there obtain of said Futch, one horse of the value of &c., with intent &c. Verdict of Guilty. Motion in arrest overruled. Judgment. Appeal by defendant.

*Attorney General,* for the State.

*Messrs A. T. & J. London,* for defendant.

READE, J. The indictment charges "that the defendant pretended that he was the sole and only owner of said mule, and that there was no lien or other ownership existing thereon." There is certainly no crime in pretending that the mule was his, because it may all be true. But it is also charged that he "designedly, unlawfully and falsely pretended" it. It is not specified in what the falsehood consisted. Was he not the "sole owner?" Was there some other "ownership," or partnership? Was there some "lien" on it? Or in what else did the falsehood consist?

The precedents are to the effect, that the indictment must not only charge that he falsely pretended that the mule was his, but it must contain the negative averment that it was not his. "Whereas in truth and in fact the said Joseph Pickett was not then the owner of said mule &c.," is the form in Archbold's Criminal Pleading. And it is held that the indictment is insufficient without it. *Rex.* v. *Perrett,* 2 M. & W. 379. There is error. This will be certified to the end that the judgment may be arrested.

Error.

PER CURIAM.                    Judgment arrested.