STATE v. J. C. PICKENS.

*Indictment—Disposing of Mortgaged Property.*

An indictment for disposing of mortgaged property under the act of
    1873-'74, ch. 31. is fatally defective, if it fails to set forth the manner of disposition, and the name of the person receiving it in case of
    a transfer of possession.

(*State* v. *Angel*, 7 Ire. 27; *Johnson's* case 1 Dev. 360; *Stamey's*, 71 N.
    C. 202, cited and approved.)

INDICTMENT for a Misdemeanor tried at Spring Term, 1878,. of BUNCOMBE Superior Court, before *Cloud, J.*

The defendant was indicted in the following words: The jurors &c. present that J. C. Pickens &c. executed to one G. A. Crooker a chattel mortgage (conveying certain personal

property) to secure the payment of a note &c., and·after the execution of the same, and while it was in force, said Pickens ·did sell and dispose of a part of the property (naming it) embraced in said mortgage, without the consent and against the will of said Crooker, with intent to hinder, delay and defeat the rights of said Crooker under said mortgage, against the form of the statute &c. The jury found the defendant guilty, and on motion the Court arrested judgment, and *Gudger*, Solicitor for the State, appealed.

*Attorney General*, for the State.
*Mr. J. H. Merrimon*, for the defendant.

FAIRCLOTH, J. The act of 1873, '74, ch. 31, makes it a misdemeanor to " make any disposition" of any personal property embraced in a chattel mortgage then in force with intent &c. The bill in this case alleges that defendant did "sell and dispose of" such property with intent &c, *without* alleging to whom he sold it or in what manner he disposed of it, and on this ground he moves in arrest of judgment. The objection is fatal to the action. The statute is in very broad terms and probably goes beyond the meaning of the legislature, and it is proper in a criminal proceeding under such a statute that the bill of indictment should point with reasonable certainty to the alleged offence. The purpose of such particularity is to identify the particular fact or transaction on which the indictment is founded so that the accused may have the benefit of an acquittal or conviction if accused a second time. *State* v. *Angel*, 7 Ire. 27. It will be noticed that the word " sell " is not employed in the statute and may be put out of the question, except so far as it might be one of the modes of disposing of the property as is here alleged. If however that be the particular offence intended to be prosecuted, it is necessary to allege to whom the property was sold for the reasons above stated. It has been

ruled that a prosecution for selling spiritous liquors unlaw-
fully must set forth the name of the person to whom the
liquor was sold, also the name of the slave to whom liquor
was sold, or with whom a white man played cards. *State* v.
*Stamey*, 71 N. C. 202, and cases there cited.

The matter therefore stands on the words "shall make
any disposition of," &c. These words taken literally would
be worse than a drag net, and taken with reference to the
subject at hand they might mean disposition, by removing
from the county, concealing, selling, or by actual consump-
tion of such as were fit for food, &c. The defendant would
have to guard too many points, not knowing from which
the attack would come. As a general rule it is sufficient
to describe a statutory offence in the words of the statute.
It may also be described by words clearly of the same legal
import, although they may not be the same words. When
all the words of the statute are used in the indictment it
can seldom happen that the same words ought to or can be
received in a different sense in the two instruments. It is
certain they are intended to mean the same, but in a few
instances the Courts have established some exceptions. A
statute may be so inaccurately drawn that its words extend
beyond the sense and meaning of the legislature or they
may fail to express the whole meaning it had. In such
cases the indictment must aver such other facts and circum-
stances as will bring the matter within the statute, that is,
it must use such words as the legislature would have used,
had its precise meaning been expressed. An instance is
found in *State* v. *Johnson*, 1 Dev. 360, where it was held that
besides charging in the words of the act that the prisoner
being on board the vessel, concealed the slave therein, the
indictment should have charged a connexion between the
prisoner and the vessel, as that he was a mariner belonging
to her, because that was the true construction of the act.
So when a statute uses a generic term it may be necessary

to state in the indictment the particular species in respect to which the crime is charged, as upon a statute for killing or stealing "cattle" an indictment using that word only would be insufficient; it ought to set forth the kind of cattle. *Rex* v. *Chalkeley*, R. & R. 258. Upon these principles we think the indictment insufficient.

No error.　　　　　　　　　　　Judgment affirmed.