## STATE v. TONEY BURNS.

*Disposing of Property under Mortgage.*

An indictment for disposing of mortgaged property under the act of 1873–'74, ch. 31, is fatally defective, if it fails to set forth that the lien was in force at the time of sale, the party to whom sold, and the manner of disposition.

(*State* v. *Pickens*, 79 N. C., 652, cited and approved.)

INDICTMENT for a Misdemeanor tried at January Term, 1879, of WAKE Criminal Court, before *Strong, J.*

At November term, 1877, the defendant was indicted for the violation of the act of 1873–'74, ch. 31, in that he sold one bale of cotton upon which he had given a chattel mortgage to secure certain rent due the prosecutor. The principle on which this case was decided is the same as in *State* v. *Pickens*, 79 N. C., 652. There was no motion in the court below to arrest the judgment from which defendant appealed.

*Attorney General,* for the state.
*Mr. T. M. Argo,* for defendant.

ASHE, J. There were some exceptions taken by the defendant on the trial below, but it is only necessary to notice that taken to the form of the indictment.

The bill of indictment does not charge that the lien was in force when the bale of cotton was disposed of, nor to whom it was sold. For these reasons the bill is fatally defective, and the judgment below must be arrested. *State* v. *Pickens,* 79 N. C., 652.

There is error. Let this be certified to the superior court of Wake county that the defendant may be discharged.

PER CURAIM.                                                    Error.