THE STATE v. JOHN M. ELLINGTON.

*Disposing of Mortgaged Property—Evidence—Criminal Intent—Landlord and Tenant.*

1. An intent to hinder, delay or defeat the rights of the mortgagee is an essential element in the offence of unlawfully disposing of mortgaged property.
2. It is competent for the defendant, in an indictment for unlawfully disposing of mortgaged property—a crop of tobacco—to show that he, in good faith, applied the entire crop to the discharge of his landlord's lien.

CRIMINAL ACTION, tried before *Gilmer, Judge,* at July Term, 1887, of ROCKINGHAM Superior Court.

The facts are stated in the opinion.

*The Attorney General* and *Mr. E. C. Smith,* for the State.

No counsel for the defendant.

MERRIMON, J. The defendant is indicted under the statute, (*The Code,* §1089.) It is charged in the indictment that, having executed to the prosecutor a "chattel mortgage," he "did unlawfully and wilfully sell, and dispose of by sale, a part of the property" embraced in the mortgage, "with intent to hinder, delay and defeat the rights of the said The Southern Fertilizer Company, under said mortgage," &c.

The defendant pleaded not guilty. There was a verdict

of guilty and judgment against the defendant, from which he appealed.

An essential quality of the offence charged in the indictment is that the defendant disposed of the property mortgaged, or some part of it, "with intent to hinder, delay or defeat the rights of" the mortgagee. The mortgage embraced the matured tobacco crop of 1886 of the defendant. On the trial he offered evidence to prove that he had leased the land on which the tobacco was produced from a person named, who had a prior or first lien on the crop as landlord, and that it took all the tobacco to discharge the landlord's lien. Upon objection from the Solicitor for the State, the Court refused to admit the evidence, and this was assigned as error.

We think the evidence should have been received. It must be taken that it was such as the defendant represented it to be. So treating it, it would have tended strongly to disprove the criminal intent charged, and this was important. If the landlord had a first lien upon the crop for rent or advances of supplies, or both, as he may have had, he was entitled to have the same first discharged, and it was not a criminal offence, if the tenant, in good faith, so disposed of the crop.

The evidence was relevant and competent, and it was for the jury to believe or disbelieve it, and to give it such weight as they might deem proper.

There is error, and the defendant is entitled to a new trial. To this end let this opinion be certified to the Superior Court.

Error.