## THE STATE v. D. H. FARMER.

*Indictment—Election of Counts—Physicians—Druggists.*

1. The Court has the power to compel the prosecutor to elect, before the close of the evidence for the State, upon which count in the indictment he will rely.

2. It is not necessary to aver in an indictment for a violation of chap. 215, § 4, Laws of 1887, that the physician who is charged with giving a false prescription was a " reputable " physician; nor is it necessary that an indictment against a druggist under that statute should contain such an averment, it being a matter of defence.

3. In an indictment against a physician under the statute it should be distinctly set out, not only that the prescription was false and fraudulent, but further, in what particulars such falsity and fraud consisted.

This was an Indictment against a Physician (drawn under section 4, chap. 215, Laws of 1887), for giving a false and fraudulent prescription for liquors, tried at the Fall Term, 1889, of the Superior Court of TRANSYLVANIA County, before *Clark, J.*

There were three counts in the indictment. The material portions of the first count were as follows: "That D. H. Farmer, on the 1st day of April, 1889, with force and arms, in Transylvania County, unlawfully and willfully did give to one G. H. a false and fraudulent prescription for spiritous liquors, he, the said D. H. Farmer, being then and there a practicing physician, contrary to the form of the statute," &c.

The second and third counts were in the same form, but charged a sale to a different person in each count, making charges of three separate sales in the three counts.

The defendant moved to quash the indictment on four grounds—

1. That it was bad for duplicity, in that it charged a false prescription to three different persons.

2. That it did not charge that the defendant was a reputable physician.

3. That it did not charge the name of the druggist to whom the prescription was given.

4. That it did not set out wherein the prescription was false and fraudulent.

The Court, upon the first ground, held the bill bad for duplicity under *State* v. *Cooper,* 101 N. C., 684, but told the Solicitor he could make his election and enter a *nol. pros.* before the defendant was called upon to plead and send other bills as to the counts *nol. prossed.*

The Solicitor, being of the opinion that he could not be called upon to make his election before the State closed its evidence, declined to enter a *nol. pros.* as to any of the counts at this stage.

The Court overruled the second ground of the motion to quash.

Upon the third and fourth grounds set out by the defendant, the Court being of the opinion under *State* v. *Watkins,* 101 N. C., 702, that the charge in the bill was not sufficiently full and specific, told the Solicitor he could send a new bill remedying those defects, and in the meantime the Court would hold the defendant.

The Solicitor declined to send a new bill. The Court thereupon quashed the bill of indictment and discharged the defendant, from which judgment the Solicitor, in behalf of the State, appealed.

*The Attorney General,* for the State.
No counsel for the defendant.

AVERY, J.—after stating the facts: The Judge below had the power, in any view of the case, to compel an election or quash the indictment, treating the charges of sales to different persons as distinct counts. *State* v. *Cooper,* 101 N. C.,

684; *State* v. *Parish, ante,* 685. There was no error, there-fore, in the enforcement by the Court of election before the defendant should be compelled to plead.

We concur, too, with his Honor in the view that the law does not impose upon the State the burden of charging in the indictment and proving on the trial that the defendant was a "reputable physician," as well as that he gave a false and fraudulent prescription. The statute (ch. 215, § 4, Laws of 1887) casts upon a druggist, indicted under its provisions, the burden of showing (if he would excuse himself from a sale that is *prima facie* in violation of law) that he sold for *bona fide* medical purposes, and upon the prescription of a practicing physician, known to such druggist to be of repu-table standing in his profession, or recommended as such by a physician who is so known, and that the prescription was in writing, signed by such physician. A druggist, when indicted under this statute, must prove, but the State is never required to aver in the indictment the character of the physician giving the prescription.

The transaction on which the indictment was founded should also be sufficiently identified by its terms to insure to the accused the benefit of a plea of former acquittal or conviction, if indicted a second time for the same offence. *State* v. *Pickens,* 79 N. C., 652; *State* v. *Burns,* 80 N. C., 376; *State* v. *Stamey,* 71 N. C., 202; *State* v. *Watkins,* 101 N. C., 702. We think, therefore, that all of the counts of the indictment were fatally defective in not charging that the prescription was false and fraudulent.

It is of the essence of the offence created by the law (§ 4, ch. 215, Laws of 1887) that the prescription should be false or fraudulent. The indictment should set out, distinctly, not only that the prescription was either false or fraudulent, but in what the falsehood or fraud consisted, as that the pre-scription was intended to convey, and did convey, the idea that, in the opinion of the defendant, the person to whom

the prescription was given was sick and was in need of the liquors prescribed as a medicine, whereas, in fact and in truth, the said person (prescribed for) was not sick and did not need the spirituous liquor as a medicine. The prescription must be shown to be false or fraudulent (either being sufficient), and the person indicted should know, before he is compelled to plead, whether he is to meet a charge of giving a false prescription, or whether he is accused of giving the prescription, knowing that it was false and intending to deceive or to evade the law. *State* v. *Holmes*, 82 N. C., 607; *State* v. *Pickett*, 78 N. C., 458; *State* v. *Fitzgerald*, 1 Dev. & Bat., 408; *State* v. *Watkins, supra.* The fraud or falsehood should be so distinctly charged as to give the defendant notice of the charge against him and enable him to prepare his defence, and also to enable the Court to see whether fraud or falsehood is, in fact, charged, that the defendant can be held to answer.

Affirmed.