The indictment charges that E. L. Lunsford mortgaged a certain mare, to secure a debt specified, to John Turpin; that after the execution of that mortgage, and while the same was in force, the defendant "unlawfully and willfully, and with intent to hinder, delay and defeat the rights of the said John Turpin, sold and disposed of said mare which was embraced in said mortgage; he, the said Jonce Woods, then and there having knowledge of said lien on said mare," etc.
On motion of the defendant, the court quashed the indictment, upon the ground that it failed to charge a criminal offense, and the Solicitor for the State having excepted, appealed.
The statute (Code, sec. 1089) prescribes that "If any person, after executing a chattel mortgage, deed in trust or other lien for a lawful purpose, shall, after the execution thereof, make any disposition of any personal property embraced in such mortgage, deed in trust, or lien, with intent to hinder, delay or defeat the rights of any person to whom or for whose benefit such deed was made, every person so offending, and every person with a knowledge of the lien, buying the property embraced in any such deed or lien, and every person assisting, aiding or abetting the unlawful disposition of such property with intent to hinder, delay or defeat the rights of any person to *Page 621 
whom or for whose benefit any such deed or lien made, shall be guilty of a misdemeanor and punished by a fine or imprisonment, or both, in the discretion of the court."
The statutory provision creates three distinct classes of offenses: First, such persons as make the lien, and after the same is made make any disposition of the personal property or any part thereof embraced by it, with the intent specified. Secondly, persons who buy such property with a knowledge of the lien. Thirdly, persons who assist, aid or abet the unlawful disposition of the same with the intent specified. The first class embraces only persons who make the lien. The language used to designate this class is, "If any person, after executing, etc., make any disposition," etc. It does not embrace persons who might become principal offenders at the common law by inciting offenders of the first class to commit the offense, because the statute expressly provides that such persons shall compose a third class, and they must be charged in the indictment sufficiently as offending against the statute. The language used to create the third class is very broad and comprehensive; it embraces "every person assisting, aiding or abetting the unlawful disposition of such property," etc., whether the person making the disposition be the maker of the lien or the purchaser of the property with knowledge of it. The statutory offense thus created excludes any (900) purpose of the statute to allow the common-law offense that might otherwise arise by inciting and procuring the direct principal offender to commit the offense.
The indictment in this case does not charge the defendant as the maker of the lien nor the buyer of the property with knowledge of it, nor as assisting, aiding or abetting in the unlawful disposition of the property. Hence no offense is charged.
No error. Affirmed.