STATE v. R. P. HOLMES.

*Indictment for Disposing of Mortgaged Property—Sale—Presumption of Fraudulent Intent.*

1. The actual sale of mortgaged crops raises a presumption of fraudulent intent.

2. On the trial of an indictment for disposing of mortgaged property, proof that the defendant executed a mortgage on his crops and sold a part thereof, leaving the mortgage unsatisfied, (no other facts being before the jury) made out a *prima facie* case and the burden of proving facts negativing such intent devolved upon the defendant.

INDICTMENT under Section 1089 of *The Code*, for disposing of mortgaged property, tried before *McIver, J.*, and a jury, at March Term, 1896, of WAKE Superior Court.

The execution of the mortgage was admitted. W. W. Holding testified for the State that defendant rented the land described in the indictment of Thomas Honeycutt, for the year 1895, and agreed to pay as rent 800 pounds of lint cotton; that defendant raised on the land corn, cotton, fodder and potatoes; that defendant confessed to the wit-

ness that he had sold some of the corn raised on the land; that there was now due on the debt of the defendant, as secured by the mortgage, about $20; that no part of the crop was applied on ·the mortgage, nor the proceeds thereof. No other witness was introduced by the State, and the defendant offered no testimony. The defendant requested the court to charge: (1) That the lien of the landlord, Honeycutt, was superior to that of Holding, Davis & Co.; and, before the jury could convict the defendant, the State must prove to their satisfaction that defendant had raised on Honeycutt's land more of the crop described in the mortgage than was necessary to pay the rent of Honeycutt; otherwise, the lien attempted to be given by the execution of the mortgage did not attach, and defendant would not be guilty under this indictment. (2) That it was incumbent on the State to prove that the rent owing Honecyutt had been paid before the corn was sold, and, having failed to do this, the defendant was not guilty. (3) That it was required of the State, in order to convince the jury that the corn was disposed of with intent to hinder, delay and defeat the rights of Holding, Davis & Co., to show that the rent of Honeycutt had been theretofore paid, and that the corn sold had remained after the rent was paid, and that, after selling the corn, there was not enough corn, cotton, fodder, cotton seed and potatoes raised on the land to satisfy the debt of the defendant then unpaid, and as secured by the mortgage. (4) That it was the duty of the State to prove that the rent of Honeycutt had been paid before the corn was disposed of; otherwise, the defendant would not be guilty under this indictment, because the lien of the landlord, Honeycutt, attached before that of Holding, Davis & Co. The court refused to charge as requested, but told the jury that, if they believed the evidence of the State, the defendant was

guilty.    The defendant excepted.    There was a verdict of guilty, and from the judgment thereon defendant appealed.

*Messrs. Attorney General Zeb V. Walser,* for the State.
*Messrs. Shepherd & Busbee* and *W. L. Watson,* for defendant (appellant).

CLARK, J.: It was in evidence that the defendant, who was a renter, had sold part of the crop which was embraced in a mortgage given by him and that a balance was still due thereon.    The defendant offered no evidence.    If there had been evidence that defendant had sold the corn to pay the prior lien for rent, *State* v. *Ellington,* 98 N. C., 749, or that sufficient of the crop had been retained to pay off the mortgage, *State* v. *Manning,* 107 N. C., 910, or tending to show that the sale had been made under circumstances making it justifiable, as, for instance, the sale of perishable property merely to prevent loss, then the intent would have been a matter to have been left to the jury. But such matters of defence were peculiarly within the knowledge of the defendant and should have been put in evidence by him.    It would be impossible for the State to anticipate and offer evidence to disprove these and all other possible circumstances which might negative the intent. Upon the facts here found, that the defendant executed the mortgage upon his crop and sold a part thereof, leaving the mortgage still unsatisfied, no other facts being before the jury, the intent to hinder, delay and defeat the mortgage, was the "natural and necessary" consequence of such a state of facts.    *State* v. *Manning, supra.*    The defendant is presumed to have intended the necessary consequences of his own act.    The jury could not act upon the surmise that there might be other crops, or that the corn had been sold to pay prior liens or taxes, or other justifiable purposes.

His Honor, therefore, properly instructed the jury, if they believed the evidence, to find the defendant guilty. *State* v. *Riley*, 113 N. C., 648.

In like manner, upon an indictment for selling liquor without license, if the sale is shown, the burden devolves upon the defendant to show that he had a license to sell. *State* v. *Morrison*, 14 N. C., 229; *State* v. *Wilbourne*, 87 N. C., 529; *State* v. *Emery*, 98 N. C., 668; *State* v. *Smith*, 117 N. C., 809. On an indictment for entry on land without license, under *The Code*, Section 1120, the burden of showing the license devolves upon the defendant. *State* v. *Glenn*, 118 N. C., 1194. So, also, on an indictment for murder, on the trial of which the intent is most essential, if the killing with a deadly weapon is proved or admitted the law presumes malice, and the burden of proving matter in excuse or mitigation devolves upon the prisoner.

Besides, the Statute (*The Code*, Section 1089) makes the failure to produce the mortgaged property, when demanded by the mortgagee, *prima facie* evidence of the disposition of it "with the intent to hinder, delay or defeat" the mortgagee, a *fortiori* proof of the actual sale of such property raises a presumption of such intent. Formerly it was necessary to allege in the indictment the name of the person to whom the mortgaged property was sold (*State* v. *Pickens*, 79 N. C., 652; *State* v. *Burns*, 80 N. C., 376), but this is expressly made unnecessary under the amended Statute, as it is in *The Code*.

No Error.