STATE v. BESSIE CARPENTER HELMS.

(Filed 26 February, 1958.)

**1. Narcotics § 2—**

Each of the four acts of obtaining a narcotic drug, attempting to obtain a narcotic drug, procuring the administration of a narcotic drug, and attempting to procure the administration of a narcotic drug, are made criminal offenses by G.S. 90-106 only when they are done by fraud, misrepresentation, deceit, or by forgery of a prescription or written order, or by giving a false name or address.

**2. Indictment and Warrant § 9—**

An indictment may not charge separate offenses disjunctively.

**3. Same—**

An indictment for a statutory offense which follows the language of the statute is sufficient if it charges the offense in a plain, intelligible and explicit manner, but if the statute characterizes the offense in mere general or generic terms or does not sufficiently define the crime and set forth all its essentials, the statutory words must be supplemented by language charging the specific offense and identifying the particular transaction so as to enable defendant to prepare his defense or plead his conviction or acquittal as a bar to a subsequent prosecution for the same offense.

**4. Same—**

A bill of particulars cannot supply an averment essential to the indictment. G.S. 15-143.

**5. Criminal Law § 13—**

A valid bill of indictment is an essential of jurisdiction.

**6. Criminal Law § 121: Narcotics § 2—**

The statute making the obtaining or attempt to obtain narcotic drugs and the procuring or attempt to procure the administration of such drugs criminal offenses when done by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or of a written order, or by the concealment of a material fact or by the use of a false name or the giving of a false address, uses general and generic terms in defining the means or manner constituting the acts criminal offenses, and therefore an indictment which fails to contain any factual averments in regard to the means or manner is fatally defective, and judgment thereon will be arrested by the Supreme Court *ex mero motu.*

**7. Criminal Law § 26—**

Arrest of judgment for fatally defective indictment does not preclude further prosecution if the solicitor deems advisable.

APPEAL by defendant from *Farthing, J.,* October Term, 1957, of BUNCOMBE.

STATE *v.* HELMS.

Criminal prosecution on a bill of indictment, viz:

"The Jurors for the State upon their oath present: That Bessie Carpenter Helms late of Buncombe County, on the 16th day of July, 1957 with force and arms, at and in said County, did unlawfully, wilfully and feloniously obtain or attempt to obtain a narcotic drug or procure or attempt to procure the administration of a narcotic drug by fraud, deceit, misrepresentation and subterfuge and by the forgery or alteration of a prescription or of any written order and by the concealment of a material fact and by the use of a false name and the giving of a false address, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State."

The jury returned a verdict of "guilty as charged." Judgment, imposing a prison sentence, was pronounced. Defendant excepted and appealed.

*Attorney-General Patton and Assistant Attorney-General Bruton for the State.*

*McLean, Gudger, Elmore & Martin for defendant, appellant.*

BOBBITT, J. The bill of indictment is based on G.S. 90-106, which, in pertinent part, provides: "Fraudulent attempts to obtain drugs prohibited.—No person shall obtain or attempt to obtain a narcotic drug, or procure or attempt to procure the administration of a narcotic drug (a) by fraud, deceit, misrepresentation, or subterfuge; or (b) by the forgery or alteration of a prescription or of any written order; or (c) by the concealment of a material fact; or (d) by the use of false name or the giving of a false address."

The quoted statutory provisions create and define four separate criminal offenses: (1) obtaining a narcotic drug, (2) attempting to obtain a narcotic drug, (3) procuring the administration of a narcotic drug, and (4) attempting to procure the administration of a narcotic drug, *by the means and in the manner* set forth in (a), (b), (c) and (d).

In *S. v. Williams,* 210 N.C. 159, 185 S.E. 661, a similar indictment, based on G.S. 90-88, charging in one count, *in the disjunctive,* several separate and distinct criminal offenses, was held void for uncertainty. It was decided that the defendant's motion to quash, aptly made, should have been allowed. In the present case, defendant did not move to quash the bill of indictment.

In *S. v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381, the warrant, in a single count, charged alternatively, that is, *in the disjunctive,*

several separate and distinct violations of G.S. 14-291.1; and the jury found the defendant "guilty of lottery as charged in the warrant." The defendant did not move to quash the warrant or in arrest of judgment. The decision was that *the verdict* was void for uncertainty, *i.e.,* "not sufficiently definite and specific to identify the crime of which the defendant is convicted." Based on defendant's exception to the overruling of his motion to set aside the verdict and his exception to the judgment, the verdict and judgment were set aside and the cause remanded "for further proceedings conforming to law."

While not the basis of decision on this appeal, we deem it appropriate to call attention again to this rule of pleading in criminal cases: "The general rule is well settled that an indictment or information must not charge a person disjunctively or alternatively in such manner as to leave it uncertain what is relied on as the accusation against him. Two offenses cannot, in the absence of statutory permission, be alleged alternatively in the same count. As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative; the proper way is to connect the various allegations in the accusing pleading with the conjunctive term 'and' and not with the word 'or'." 42 C.J.S., Indictments and Information Sec. 101; *S. v. Albarty, supra;* see also *S. v. Jones,* 242 N.C. 563, 89 S.E. 2d 129.

Decision on this appeal is based on the ground that the bill of indictment is fatally defective.

A bill of indictment that charges "in a plain, intelligible and explicit manner," G.S. 15-153, the criminal offense the accused is "put to answer," affords the protection guaranteed by Art. I, Secs. 11 and 12, Constitution of North Carolina.

The *essentials* of a valid bill of indictment and the underlying reasons therefor are fully stated by Parker, J., in *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917, and by Winborne, J. (now C. J.), in *S. v. Cox,* 244 N.C. 57, 92 S.E. 2d 413, where many prior decisions of this Court are cited and discussed. This distinction is clearly drawn: A bill of indictment for a statutory offense, following substantially the language of the statute, is sufficient if it charges the essential elements of the offense in a plain, intelligible and explicit manner. But this rule is inapplicable "where the words of the statute do not in themselves inform the accused of the specific offense of which he is accused so as to enable him to prepare his defense or plead his conviction or acquittal as a bar to further prosecution for the same offense, *as where the statute characterizes the offense in mere general or generic terms,* or does not sufficiently define the crime

or set forth all its essential elements. In such situation the statutory words must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged." *S. v. Cox, supra.* (Our italics)

It is noted that G.S. 15-143, concerning bills of particulars, relates expressly to "further information not required to be set out" in the bill of indictment.

Under G.S. 90-106, it is not a crime either to obtain or to attempt to obtain a narcotic drug; and it is not a crime either to procure or to attempt to procure the administration of a narcotic drug. To do so by the means and in the manner set forth in (a), (b), (c) or (d) constitutes the criminal offense. Thus, the means and manner are essentials of the crime.

It is apparent that the indictment alleges no facts tending to identify any particular transaction or the means and manner employed by the accused except in the "mere general or generic terms" of G.S. 90-106. There are no factual averments as to the nature of the alleged "fraud, deceit, misrepresentation, or subterfuge"; or as to the identity or contents of a prescription or other written order alleged to have been forged or altered; or as to what material fact is alleged to have been concealed; or as to what false name was used or what false address was given.

Whether by forgery or alteration of a prescription or other written order, or by concealment of a material fact, or by using a false name or giving a false address, the gist of all is "fraud, deceit, misrepresentation, or subterfuge." In this connection, it is noted that even in civil actions "A pleading setting up fraud must allege the facts relied upon to constitute fraud . . ." *Calloway v. Wyatt,* 246 N.C. 129, 133, 97 S.E. 2d 881, and cases cited.

It is noted further that in an indictment for forgery, the instrument alleged to be forged must be set forth, *S. v. Lytle,* 64 N.C. 255; and, if lost, the substance thereof must be charged, *S. v. Peterson,* 129 N.C. 556, 40 S.E. 9. In an indictment for obtaining money under false pretenses, *"the facts and circumstances* which constitute the offense (must be stated) with such certainty and precision that the defendant may be enabled to see whether they constitute an indictable offense." *S. v. Carlson,* 171 N.C. 818, 827, 89 S.E. 30. (Our italics) In a prosecution under the statute now codified as G.S. 14-114, bearing the caption "Fraudulent disposal of mortgaged personal property," the bill of indictment must allege the facts and circumstances so as to identify the transaction and point with reasonable certainty to the offense charged. *S. v. Pickens,* 79 N.C. 652; *S. v. Woods,* 104 N.C. 898, 10 S.E. 555.

In *S. v. Farmer*, 104 N.C. 887, 10 S.E. 563, which bears close resemblance to the present case, the bill of indictment was quashed on the ground that it was fatally defective. The defendant was a physician; and the prosecution was based on that portion of Sec. 4, Ch. 215, Laws of 1887, which provided that "any physician or other person who shall give, procure or aid in procuring any false or fraudulent prescription for any spirituous, vinous or malt liquors in violation of the provisions of this act shall be guilty of a misdemeanor, . . ." The bill of indictment contained three separate counts, each relating to a separate transaction. All counts were in the form of the first count, the material portion of which was as follows: "That D. H. Farmer, on 1 April, 1889, with force and arms, in Transylvania County, unlawfully and willfully did give to one G. H. a false and fraudulent prescription for spirituous liquors, he, the said D. H. Farmer, being then and there a practicing physician, contrary to the form of the statute," etc.

The basis of decision is set forth in this excerpt from the opinion of Avery, J.:

"The transaction on which the indictment was founded should also be sufficiently identified by its terms to insure to the accused the benefit of a plea of former acquittal or conviction, if indicted a second time for the same offense. *S. v. Pickens*, 79 N.C. 652; *S. v. Burns*, 80 N.C. 376; *S. v. Stamey*, 71 N.C. 202; *S. v. Watkins*, 101 N.C. 702. We think, therefore, that all of the counts of the indictment were fatally defective in not charging that the prescription was false and fraudulent.

"It is of the essence of the offense created by the law (Sec. 4, Ch. 215, Laws 1887) that the prescription should be false or fraudulent. The indictment should set out distinctly not only that the prescription was either false or fraudulent, but in what the falsehood or fraud consisted, as that the prescription was intended to convey and did convey the idea that in the opinion of the defendant the person to whom the prescription was given was sick and was in need of the liquors prescribed as a medicine; whereas, in fact and in truth, the said person (prescribed for) was not sick and did not need the spirituous liquor as a medicine."

In *S. v. Cole*, 202 N.C. 592, 596, 163 S.E. 594, q.v., where a demurrer to the bill of indictment was sustained, Adams, J., cites *S. v. Farmer, supra,* and quotes with approval a portion of the foregoing excerpt from the opinion of Avery, J.

It is noted that, in the present case, we are concerned with a total absence of factual averments, not with the sufficiency or insufficiency of factual averments.

A valid bill of indictment is an essential of jurisdiction. *S. v. Strickland,* 243 N.C. 100, 89 S.E. 2d 781; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166.

Hence, the record disclosing that the bill of indictment is fatally defective, this Court, of its own motion, arrests the judgment. *S. v. Jordan,* 247 N.C. 253, 100 S.E. 2d 497; *S. v. Lucas,* 244 N.C. 53, 92 S.E. 2d 401, and cases cited; *S. v. Eason,* 242 N.C. 59, 86 S.E. 2d 774, and cases cited. As held in these cases, this does not bar further prosecution of defendant for violations of G.S. 90-106 if the solicitor deems it advisable to proceed on a new bill.

Judgment arrested.