## STATE v. DELLA TAYLOR SMITH.

(Filed 24 February, 1965.)

**1. Trespass § 13—**

In a prosecution under G.S. 14-134 for refusing to leave private premises after being directed to do so by the person in lawful possession, the warrant or indictment must charge, in substance at least, that defendant's acts were "without a license therefor."

**2. Criminal Law § 121—**

Arrest of judgment for fatal defect in the warrant does not preclude the State from thereafter proceeding upon a sufficient warrant or indictment.

APPEAL by defendant from *Morris, J.,* June Session 1964 of MARTIN, docketed and argued as No. 5 at Fall Term 1964.

In *S. v. Smith,* 262 N.C. 472, 137 S.E. 2d 819, *q.v.,* this Court arrested the judgments on the verdicts based on counts in Indictment No. 3011. *Certiorari* was allowed with reference to Indictment No. 3091, permitting defendant to file a case on appeal and *complete* record showing, *inter alia,* the proceedings, if any, in the Recorder's Court of Martin County. Present consideration is upon such case on appeal and record.

The warrant of arrest charged that defendant, on April 6, 1964, "did unlawfully, wilfully, and intentionally refuse to leave the premises of Everett Oil Company after being ordered to do so by Roscoe Everett," etc. It *now* appears that defendant, when called to trial on said warrant in the Recorder's Court of Martin County, demanded a trial by jury. Thereupon, as provided by Session Laws of 1945, Chapter 113, Section 2, the case was transferred to the Superior Court of Martin County. Hence, the criminal prosecution could proceed in the superior court only on bill of indictment. *S. v. Peede,* 256 N.C. 460, 124 S.E. 2d 134.

Indictment No. 3091, on which the criminal prosecution now under consideration was based, was returned. It charges that defendant on April 6, 1964, "unlawfully and wilfully and intentionally did fail and

refuse to leave the premises of Everett Oil Company after having been ordered to do so by Roscoe Everett, partner," etc.

At the conclusion of the trial on said Indictment No. 3091, the jury returned a verdict of guilty. Judgment was pronounced. Defendant excepted and appealed.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*Albion Dunn and M. E. Cavendish for defendant appellant.*

BOBBITT, J.  When the appeal was first before us (262 N.C. 472), the record proper did not disclose the proceedings, if any, in the Recorder's Court of Martin County. The record now before us dispels any doubt as to the jurisdiction of the Superior Court of Martin County to proceed by bill of indictment.

In the trial below, defendant was not represented by counsel. On appeal, defendant, through counsel, contends Indictment No. 3091 is fatally defective and, in substance if not in words, moves in this Court for arrest of judgment. The contention has merit.

G.S. 14-134, in pertinent part, provides: "If any person after being forbidden to do so, shall go or enter upon the lands of another, without a license therefor, he shall be guilty of a misdemeanor . . ." It seems clear it was intended that Indictment No. 3091 charge a violation of this statutory offense.

The words, "without a license therefor," do not appear in Indictment No. 3091. It was held in *S. v. Bullard*, 72 N.C. 445, that an indictment is fatally defective if it does not charge this constituent element of said statutory offense.

It appears that the evidence, when considered in the light most favorable to the State, was sufficient, upon legal principles stated in *S. v. Clyburn*, 247 N.C. 455, 101 S.E. 2d 295, to support a conviction of violation of G.S. 14-134. Even so, a valid bill of indictment is an essential of jurisdiction. *S. v. Helms*, 247 N.C. 740, 745, 102 S.E. 2d 241. While *S. v. Clyburn, supra*, and *S. v. Cooke*, 246 N.C. 518, 98 S.E. 2d 885, were decided on other grounds, it is noteworthy that the warrants on which these criminal prosecutions were based charged in substance that the defendant's alleged entry or refusal to leave was without a license therefor.

For the reasons indicated, the judgment is arrested. In legal effect, this vacates the verdict and judgment. However, the State, if so advised, may proceed against defendant upon a sufficient bill of indictment. *S. v. Strickland*, 243 N.C. 100, 89 S.E. 2d 781.

Judgment arrested.