STATE v. G. THURMAN WAGONER.

(Filed 25 February, 1959.)

1. **Criminal Law § 107—**

   It is the duty of the court to charge the jury on a material aspect of the case presented by the evidence, even in the absence of prayers for special instructions.

2. **Homicide § 20—**

   The State's evidence tending to show that defendant intentionally shot his antagonist with a pistol, inflicting fatal injury, is sufficient to take the case to the jury on a charge of murder in the second degree.

3. **Homicide § 27—**

   Where defendant testifies that he did not know whether he pulled the trigger or whether his antagonist pulled the trigger in the scuffle, but that the pistol was fired in the scuffle, and that defendant did not intend to shoot his antagonist, but merely had the weapon to ward his antagonist off, his antagonist having on previous occasions assaulted defendant, the evidence is sufficient to require an instruction to the jury on the defense of an accidental killing.

**4. Same: Criminal Law § 107—**

Equivocation in defendant's testimony and evidence of contradictory statements made by him go to the weight of the testimony and do not relieve the court of the duty to submit to the jury a defense presented by defendant's evidence.

APPEAL by defendant from *Bickett, J.,* March, 1958 Criminal Term, ALAMANCE Superior Court.

Criminal prosecution upon a bill of indictment in which the defendant was charged with the murder of his son, O. Glenn Wagoner. The jury heard the evidence offered by both the State and the defendant and returned a verdict of guilty of murder in the second degree. From the judgment imposing a prison sentence of not less than 15 years nor more than 20 years, the defendant appealed.

*Malcolm B. Seawell, Attorney General, T. W. Bruton, Assistant Attorney General, for the State.*
*Emerson T. Sanders for defendant, appellant.*

HIGGINS, J. The defendant contends the evidence before the jury was sufficient to present the question whether the killing was unintentional—the result of an accident. The court did not charge the jury upon that feature of the case. The Attorney General, on the argument, frankly conceded that if the evidence is sufficient to raise the issue of fact, whether the killing was accidental, the court's failure to charge with respect thereto is reversible error. Special prayer for the instruction was not required. *State v. Brady,* 236 N.C. 295, 72 S.E. 2d 675; *State v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53.

The evidence in the case disclosed the deceased was killed by a pistol shot fired while the weapon was in the hand of the defendant— the father of the deceased. The defendant is 70 years old. The deceased was 48. The defendant, the deceased, and the latter's wife lived in the same house. On the fatal day all were drinking. The deceased and the defendant engaged in a quarrel. There was evidence the deceased threatened to assault the defendant and that on previous occasions he had actually done so—twice with a weapon—always when one or both were drinking. The State offered evidence, including a statement made by the defendant to the investigating officer, tending to show the shooting was intentional.

The evidence was ample to go to the jury on the charge of murder in the second degree—a killing which proximately resulted from the intentional shooting with a pistol. *State v. Adams,* 241 N.C. 559,

85 S.E. 2d 918; *State v. Gordon,* 241 N.C. 356, 85 S.E. 2d 322; *State v. Debnam,* 222 N.C. 266, 22 S.E. 2d 562. But there was also evidence tending to show the shooting was accidental. The defendant testified: "I didn't pull the trigger as I knows of, I didn't mean to if I did. I don't know whether I pulled the trigger or not . . . in the scuffle. I don't know how it happened . . . I don't know whether he fired it or I fired it. It was done in that scuffle . . . I wouldn't have had it done for anything in the world. . . . The pistol went off in the scuffle. I had the pistol pointed directly down side of me . . . I got the pistol . . . to ward him off. I thought by him seeing it he would stay off of me."

The defendant's plea of not guilty entitled him to present evidence that he acted in self-defense, that the shooting was accidental, or both. Election is not required. The defendant may rely on more than one defense. When a case of murder in the second degree is made out, the defendant "must establish to the satisfaction of the jury (*State v. Willis,* 63 N. C. 26) the legal provocation which will take from the crime the element of malice and thus reduce it to manslaughter, or which will excuse it altogether on the ground of self-defense, unavoidable accident or misadventure." *State v. Keaton,* 206 N.C. 682, 175 S.E. 296; citing numerous cases.

The decision in *State v. Crisp,* 244 N.C. 407, 94 S.E. 2d 402, is not in conflict. In the *Crisp* case the defendant claimed the shooting was accidental. His counsel announced in open court the defendant would not rely on, or claim he shot in, self-defense. Therefore, the trial court properly refused to permit his counsel to argue self-defense to the jury. The stipulation rendered the law of self-defense irrelevant.

Admittedly the defendant's evidence of an accidental shooting is not without some equivocation. However, that goes to its weight, which is for the jury. *Lake v. Express Co.,* 249 N.C. 410; *Nichols v. McFarland,* 249 N.C. 125, 105 S.E. 2d 294; *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463. The contradictory statements made by the defendant to the investigating officer do not cancel out the testimony given in the trial. Evidence of contradictory statements bear on the weight to be given to the testimony—likewise for the jury.

We hold the evidence in the case, a part of which we have quoted, was sufficient to require the court to charge as to the legal effect of an accidental killing. Failure of the court so to do entitles the defendant to a

New Trial.