STATE OF NORTH CAROLINA v. CLARENCE ANDERSON.

AND

STATE OF NORTH CAROLINA v. TOM BROWN.

(Filed 3 November, 1965.)

**1. Criminal Law § 118—**

A verdict will be interpreted with reference to the warrant, the evidence and the charge in order to resolve an apparent ambiguity.

**2. Intoxicating Liquor § 16—**

Where the warrant charges unlawful possession of intoxicating liquor for the purpose of "being sold, bartered, exchanged, given away, or otherwise disposed of * * *", and the evidence and charge relate solely to possession for the purpose of sale, the ambiguity may be resolved by reference to the evidence and charge, and it is not prejudicial if the words "bartered, exchanged, given away, or otherwise disposed of" are treated as surplusage.

**3. Indictment and Warrant § 15—**

A motion to quash a warrant in its entirety is properly denied when one of the counts contained therein is clearly good, even though another count may be bad for duplicity.

APPEAL by defendants from *Crissman, J.,* August 1965 Criminal Session of DAVIDSON.

These two criminal actions were consolidated for trial.

Each defendant was tried upon a warrant which charged that he (1) unlawfully possessed spirituous, vinous, and malt liquors, and (2) unlawfully possessed spirituous, vinous, and malt liquors "for the purpose of being sold, bartered, exchanged, given away, or otherwise disposed of. . . ." Defendant Anderson's offense was allegedly committed on September 11, 1964; defendant Brown's, on September 12, 1964.

Evidence for the State tended to show that on September 11, 1964, at the Dorie Miller American Legion Post in Lexington, Robert Reeves, an undercover agent for the Alcoholic Beverage Control Board, purchased a mixed drink of bourbon and soda from defendant Anderson for 60c; that on September 12, 1964, for 50c at the same place, he purchased one Budweiser beer from defendant Brown. Defendant's evidence flatly contradicted that of the State. The judge charged the jury that in Davidson County it was unlawful for any person to have in his possession "away from his home and in a place like the American Legion Post any quantity of intoxicating beverage"; that if the State had satisfied it beyond a reasonable doubt that Anderson had in his possession at the Post on the occasion in question a quantity of intoxicating beverage (bourbon) which he sold to Reeves, it would find him guilty on both counts; that if it were satisfied beyond a reasonable doubt that Brown, on September 12, 1964, had in his possession at the Post a quantity of beer for the purpose of sale, and that he sold any beer to Reeves, he would likewise be guilty on both counts. Each defendant was "found guilty by a jury." Upon each, the judge imposed one sentence of four months, suspended upon certain conditions. Both defendants appealed.

*Attorney General T. W. Bruton and Assistant Attorney General James F. Bullock for the State.*
*McKissick & Burt for defendant appellants.*

PER CURIAM. The State's evidence was fully sufficient to convict each defendant of violations of G.S. 18-2 and G.S. 18-32 as charged in the two-count warrants. Davidson County has never come within the provisions of the Alcoholic Beverage Control Act of 1937. Thus, the Turlington Act of 1933 remains the primary law there. *State v. Barnhardt,* 230 N.C. 223, 52 S.E. 2d 904.

As defined by G.S. 18-1, the word "liquor" includes both bourbon whiskey and beer. The charge of the court, as well as the evidence, made it quite clear that, on the second count, defendants were being tried for the unlawful possession of liquor *for the purpose of sale* only. Neither the evidence nor the charge referred to any barter, exchange, giving away, or other disposition of liquor in the possession of defendants. When the verdict is interpreted with reference to the warrant, the evidence, and the charge, it is unambiguous. The second count in the warrant is inexpertly drawn and defendants, in their brief, attack it for duplicity. Had it contained the conjunctive *and* instead of the disjunctive *or,* this attack would have been prevented. See *State v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58; *State v. Merritt,* 244 N.C. 687, 94 S.E. 2d 825; *State v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381; *State v. Williams,* 210 N.C. 159, 185 S.E. 661. Notwithstanding, we perceive no prejudice to these defendants if the words *bartered, exchanged, given away,* or *otherwise disposed of* are treated as surplusage.

The record does not show the grounds upon which defendants moved to quash the warrants when the case was called for trial. Conceding, *arguendo,* that the second counts should have been quashed for duplicity, the motions to quash were directed to each warrant in its entirety. Since the first count is clearly good, the general verdict will support the judgment. *State v. Camel,* 230 N.C. 426, 53 S.E. 2d 313; *State v. Epps,* 213 N.C. 709, 197 S.E. 580. "Where the warrant upon which defendant is tried contains two counts, and one of them is sufficient to empower the court to render judgment, defendant's motion to quash is properly denied." Strong, N. C. Index, Indictment and Warrant § 15.

Defendants' other assignments of error present nothing for decision.

No error.