HOWARD D. BLAKENEY v. STATE OF NORTH CAROLINA.

No. 6818SC336

(Filed 18 September 1968)

1. Criminal Law § 13;     Constitutional Law § 28—     jurisdiction — valid warrant or indictment

It is an essential of jurisdiction that a criminal offense be sufficiently charged in a warrant or indictment.

2. Indictment and Warrant § 9;     Constitutional Law § 28—     purpose of indictment

The primary purpose of an indictment is to furnish the accused a sufficient description of the charge against him to enable him to prepare his

defense and to protect him from further prosecution for the same criminal act.

**3. Burglary and Unlawful Breakings § 3— use of disjunctive "or" in indictment for violation of G.S. 14-54**

An indictment alleging that defendant "did break or enter" a certain building with intent to commit a felony therein is not fatally defective in the use of the disjunctive "or," but is sufficient to inform defendant of the charge against him and to protect him from future prosecution for the same incident.

**4. Burglary and Unlawful Breakings §§ 4, 5— prosecution under G.S. 14-54 — absence of proof of breaking**

While evidence of a breaking is always relevant in a prosecution under G.S. 14-54, absence of such evidence is not a fatal defect of proof to support a conviction under the statute where there is proof of an entry.

**5. Burglary and Unlawful Breakings § 5— prosecution under G.S. 14-54 — proof of breaking — entry not necessary**

Where there is proof of a breaking, proof of an entry is not necessary to support a conviction under G.S. 14-54.

**6. Burglary and Unlawful Breakings § 3— indictment under G.S. 14-54 — description of premises**

An indictment alleging that defendant broke or entered "a certain storehouse, shop, warehouse, dwelling house, bankinghouse, countinghouse and building" occupied by a named corporation at a specified address identifies the premises with sufficient certainty to enable defendant to prepare his defense and to afford him protection from another prosecution for the same incident.

**7. Burglary and Unlawful Breakings § 3; Indictment and Warrant § 8— breaking or entering — waiver of duplicity in indictment — failure to move to quash**

Where defendant goes to trial without moving to quash an indictment charging that he "did break or enter" a certain building, he waives any duplicity resulting from the use of the disjunctive "or" in the indictment.

CERTIORARI to review a final order of *Shaw, J.,* denying petitioner any relief entered in a post-conviction hearing held pursuant to the provisions of G.S. 15-217, *et seq.,* in chambers 17 April 1968.

*Norman B. Smith for petitioner.*

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*

MORRIS, J.

On 1 January 1968, petitioner filed what he denominated a "Petition for a Post Conviction Writ of Review". Therein he alleged

that on 28 May 1967, he was arrested and charged with "breaking-enter the Dockery Lumber and Hardware Company, Inc."; that on 29 May 1967, he was given a preliminary hearing and "held over for Superior Court"; that about the middle of June, counsel was appointed for him; that about three days later, his court-appointed counsel, Mr. B. Gordon Gentry, came to see him; that on 10 July 1967, he was taken to trial; that the matter was continued until 11 July 1967, "where the defendant did enter a plea of guilty through his lawyer, Mr. Gordon Gentry"; that as a result of said plea, petitioner was given a four-year prison sentence. He further alleged: (1) that the arresting officers did not advise him of his constitutional rights, (2) that he was denied counsel at his preliminary hearing, (3) that "the bill of indictment was in error as the records will show the bill of indictment #5025 has charged petitioner with house breaking where the petitioner was tried and sentence (sic) for the offense of breaking and entering a certain Dockery Lumber and Hardware Company, Inc." He asked for the appointment of counsel. Answer to the petition was filed by the solicitor on 12 January 1968.

The matter was heard on 19 April 1968, and judgment denying the petition was filed 25 April 1968. The judgment recited that petitioner and his court-appointed counsel were present as was the solicitor. The judgment set out in *seriatim* the contentions of petitioner made either in his petition or by testimony at the hearing noting that petitioner had abandoned his contention that the Dockery Lumber Company was not within the city limits and his contention that he was denied counsel at his preliminary hearing. Included in the listed contentions was the following:

"6.  That the uncontradicted and unimpeached evidence in the post conviction hearing is that he did not read the indictment before his trial nor was it read to him and he did not consider whether it was defective or not; that he had no discussion with his lawyer or any thoughts to himself as to whether the indictment should be quashed or otherwise attacked and he did not give thought to pleading not guilty because he was not properly charged with a crime. The record shows that no motion to quash was made by the defendant-petitioner or his counsel at the trial of said case."

The judgment further included a statement that the trial court inquired of petitioner and his attorney whether there were any other contentions and both stated there were none.

The court's findings of fact included a finding that petitioner entered a plea of guilty as charged on a valid bill of indictment;

that the plea was freely and voluntarily made (setting out the questions touching the voluntariness of his plea asked by the court of petitioner after he was duly sworn in open court); that the sentence is not excessive; that petitioner was represented by competent counsel. Based upon the findings of fact the trial court concluded as a matter of law that (1) petitioner had a fair and impartial trial and none of his constitutional or other rights was violated; (2) that petition and motion for new trial should be dismissed; (3) that petitioner is imprisoned by virtue of a legal and final judgment of a court of competent jurisdiction; (4) that his plea of guilty was tendered to and accepted by the trial court after obtaining satisfactory answers to the ten questions propounded and that the trial court found that the plea was entered voluntarily, freely, knowingly, and understandingly; (5) that the bill of indictment follows precisely the language of the statute (G.S. 14-54) in the heading and content thereof.

Upon the entry of the final order of the court, petitioner excepted and gave notice of petition for writ of *certiorari* and requested appointment of counsel. Norman B. Smith was appointed to represent petitioner in proceedings before this Court and it was further ordered that Guilford County pay for a transcript of the proceedings at the post-conviction hearing for petitioner's use.

This Court, on 3 July 1968, allowed the petition for *certiorari*. He brings forward only one contention: That the indictment was fatally defective in two respects. First, the disjunctive "or" was used instead of the conjunctive "and" in joining the word "break" to the word "enter". Second, the indictment charged that the offense was committed at the place of a certain storehouse, shop, etc., occupied by Dockery Lumber and Hardware Company, Inc., but at no place does the indictment state what building or thing had actually been broken into or entered.

[1]    It is, of course, an essential of jurisdiction that a criminal offense be sufficiently charged in a warrant or an indictment. *State v. Banks*, 263 N.C. 784, 140 S.E. 2d 318.

[2]    The primary purpose of an indictment insofar as an accused person is concerned is to furnish the accused such a description of the charge against him as will enable him to prepare his defense and also protect him from a further or additional prosecution for the same criminal act. 27 Am. Jur., Indictments and Informations, § 2, p. 585; *State v. Williams*, 210 N.C. 159, 185 S.E. 661; *State v. Banks*, *supra*.

[3]    Defendant-petitioner earnestly contends that the indictment

here does not meet the test and is fatally. defective because it charges that the accused "did break *or* enter with intent to steal" etc., rather than "did break *and* enter with intent to steal" etc. We cannot agree.

The defendant-petitioner was, by his own statements, fully aware of the charges against him. At his post-conviction hearing, he testified that he was put under oath at his trial before being asked questions by the trial court and that he answered the questions in his own handwriting. This further testimony was elicited from him on cross-examination at his post-conviction hearing:

"MR. CLARK: And he asked you, 'Do you understand what you are charged with in this case?' and you answered, 'Yes.' Isn't that right?

WITNESS: Yes, sir.

MR. CLARK: In other words, you knew you were charged with breaking and entering. Dockery Lumber Company, didn't you?

WITNESS: Yes, sir.

MR. CLARK: And you knew you were charged with breaking and entering the .Dockery Lumber Company on the 28th of May, 1967, didn't you — isn't that right?

WITNESS: I knew that I was charged with attempt to break, what I read on the warrant.

MR. CLARK: I'm not talking about the warrant, I'm talking about the bill of indictment, you knew you were charged with breaking and entering that place with intent to commit a felony in it, didn't you?

WITNESS: Yes, sir."

And on redirect examination, the defendant-petitioner testified:

"MR. SMITH: You said something about not understanding what you were charged with earlier — you said you thought you were charged with 'intent'?

WITNESS: Attempt to break and enter.

MR. SMITH: You thought you were being charged with attempt to break and enter, is that right?

WITNESS: That's right.

MR. SMITH: Had you read and analyzed the bill of indictment very carefully? How closely did you look at it?

WITNESS: You mean before he asked me these questions?

MR. SMITH: Before your plea?

WITNESS: I hadn't ever 'seed' the bill of indictment.

MR. SMITH: All, you had seen before was the warrant; is that right?

WITNESS: That's right. I hadn't ever 'seed' it until I went to prison and sent back for a copy.

MR. SMITH: What did the Judge tell you that you were charged with?

WITNESS: Well, I understood him to say the charge was what the warrant said.

MR. SMITH: Breaking and entering with intent to commit a felony?

WITNESS: That's right."

In his petition for a post-conviction hearing, defendant-petitioner stated that he was charged with "breaking-enter the Dockery Lumber and Hardware Company, Inc." He further alleged in the same petition: "Petitioner contends the bill of indictment was in error as the records will show the bill of indictment #5025 has charged petitioner with housebreaking where the *petitioner was tried and sentence (sic) for the offense of breaking and entering a certain Dockery Lumber and Hardware Company, Inc.*" (Emphasis supplied.)

Petitioner does not contend that he was not represented by competent counsel, and the trial court found as a fact that his counsel represented him "in an able and diligent manner at said trial after he had time to prepare adequately and properly said case for trial." No exception is taken to this finding of fact. It is noted that no motion to quash was made.

[3-5] Unquestionably petitioner was aware of the charges against him. He is also fully protected against prosecution for the same offense. Evidence of a breaking when available is relevant, but the absence of such evidence is not a fatal defect of proof to support a conviction of breaking and entering under G.S. 14-54 where there is proof of entry. *State v. Brown*, 266 N.C. 55, 145 S.E. 2d 297. Nor is proof of entry where there is proof of breaking necessary to support a conviction on a charge of breaking and entering under the statute. *State v. Nichols*, 268 N.C. 152, 150 S.E. 2d 21.

[6] The second alleged defect is totally without merit. The indictment specifically states that petitioner "on the 28th day of May,

A.D. 1967, with force and arms at and in the County aforesaid, a certain storehouse, shop, warehouse, dwelling house, bankinghouse, countinghouse and building occupied by one Dockery Lumber and Hardware Company, Inc., 3011 E. Market Street, Greensboro, N. C., . . . did break or enter with intent to steal . . ." This identifies the premises with sufficient certainty to enable the defendant-petitioner to prepare his defense and offer him protection from another prosecution for the same incident. *State v. Smith*, 267 N.C. 755, 148 S.E. 2d 844.

The record before us discloses that both the State and petitioner considered the criminal prosecution under indictment #5025 to be a prosecution for breaking and entering.

[7]    In our opinion, the indictment is not fatally defective but, at most, contains duplicity. By failing to move to quash, petitioner waived any duplicity which might exist in the bill. *State v. Green*, 266 N.C. 785, 147 S.E. 2d 377. In *State v. Merritt*, 244 N.C. 687, 94 S.E. 2d 825, Rodman, J., speaking for the Court said:

> "Defendant moves this Court to quash the bill of indictment and in arrest of judgment. The bill follows the language of the statute and charges the operation of a motor vehicle 'while under the influence of intoxicating liquor, opiates or narcotic drugs.' The defendant insists that the use of the disjunctive 'or' instead of the conjunctive 'and' which might have been used renders his conviction void for uncertainty. Had the bill used the conjunctive word, no question could have been raised as to the sufficiency of the bill. The defendant could have required separate counts, one charging operation of a motor vehicle while under the influence of intoxicating liquor, the other charging the operation while under the influence of narcotics. By going to trial without making a motion to quash, he waived any duplicity which might exist in the bill. *S. v. Smith*, 240 N.C. 99, 81 S.E. 2d 263; *S. v. Puckett*, 211 N.C. 66, 189 S.E. 183; *S. v. Burnett*, 142 N.C. 577; *S. v. Hart*, 116 N.C. 976; *S. v. Mundy*, 182 N.C. 907, 110 S.E. 93; *S. v. Beal*, 199 N.C. 278, 154 S.E. 604."

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.