STATE OF NORTH CAROLINA v. JOSE RIERA

No. 6

(Filed 11 March 1970)

1. **Narcotics § 4— possession for purpose of sale — prima facie case — sufficiency of evidence**

   In a prosecution for possession of barbiturates for the purpose of sale, the State's evidence *is held* sufficient to be submitted to the jury under the provision of G.S. 90-113.2(5) making the possession of 100 or more capsules *prima facie* evidence that such possession is for purpose of sale, where the evidence tends to show that 205 capsules were found concealed in defendant's home, that an SBI chemist tested three or four of the capsules and found them to contain barbiturates, and that all of the capsules

were of identical coloration and had the same code number "Lilly F65" impressed on them.

**2. Evidence § 8— prima facie case**

A *prima facie* case does nothing more than carry the case to the jury for its determination.

**3. Evidence § 8; Criminal Law § 32— prima facie evidence**

*Prima facie* evidence is no more than sufficient evidence to establish the vital facts without further proof, if it satisfies the jury.

**4. Criminal Law § 103— the trial — function of jury — proof of guilt**

In a criminal case the jury is at full liberty to acquit the defendant if it is not satisfied from all the evidence — including *prima facie* evidence — that defendant's guilt has been proven beyond a reasonable doubt.

**5. Criminal Law § 32— inferences created by statute — effect**

The inference or conclusion which may be drawn from certain facts recited in a criminal statute may justify, but not compel, a verdict adverse to the defendant.

**6. Criminal Law § 32— prima facie evidence — burden of proof**

Ordinarily, the establishment of *prima facie* evidence does not shift the burden of the issue from the State to the defendant.

**7. Narcotics § 1; Criminal Law § 32— prosecution — negativing of exceptions**

In a prosecution under Article 5A of G.S. Ch. 90, the Uniform Narcotic Drug Act, it is not necessary for the State to offer proof negativing any exception, excuse, proviso, or exemption contained in Article 5A. G.S. 90-113.4.

**8. Indictment and Warrant § 9— charge of crime**

An indictment must allege all the elements of the offense charged.

**9. Constitutional Law § 28— defendant's right to be informed of crime**

A defendant is entitled to be informed of the accusation against him and to be tried accordingly.

**10. Criminal Law § 115— conviction on lesser included offense**

A defendant indicted for a criminal offense may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment. G.S. 15-170.

**11. Criminal Law § 115— lesser included offense — necessity for instructions**

Where there is evidence of defendant's guilt of a lesser included offense, the court must charge thereon even when there is no specific prayer for the instruction; error in failing to do so will not be cured by a verdict finding defendant guilty of a higher degree of the same crime.

**12. Narcotics § 1—  elements of the offenses — defenses — exemptions and exceptions**

The exceptions to and the exemptions from the provisions of G.S. 90-113.2(3) and G.S. 90-113.2(5) are not constituent elements of the statutory crimes, but are matters which defendant may prove as defenses to the charges created by the respective statutes.

**13. Narcotics § 1—  felony prosecution — lesser included offense of possession for purpose of sale**

The misdemeanor of the unlawful possession of barbiturates, G.S. 90-113.2(3), is a lesser included offense of the felony of possession of barbiturates for the purpose of sale, G.S. 90-113.2(5).

**14. Narcotics § 4—  felony prosecution — evidence of misdemeanor — submission of issue**

In a prosecution on indictment charging defendant with the felony of possession of 205 capsules of a barbiturate for the purpose of sale, there was ample evidence to support a jury finding that defendant was guilty of the lesser included misdemeanor of unlawful possession of barbiturates, and the trial court erred in failing to submit the misdemeanor issue to the jury.

**15. Indictment and Warrant § 9—  charge of statutory crime — use of "and"**

Where a statute sets forth several ways by which the offense may be committed, the warrant or indictment correctly charges conjunctively.

ON certiorari to North Carolina Court of Appeals to review its decision, reported in 6 N.C. App. 381.

Defendant was tried before a jury in Cumberland County Superior Court on the following bill of indictment:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Jose A. Riera, late of the County of Cumberland, on or about the 14th day of October, 1968, with force and arms, at and in the County aforesaid, unlawfully, willfully and feloniously did possess and have under his control at 312 Elizabeth Street, Fayetteville, North Carolina, a barbiturate drug, to wit: 205 capsules of a barbiturate preparation known as Tuinal, for the purpose of sale, barber (sic), exchange, supplying, giving away and furnishing, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State."

The State offered evidence which tended to show that police officers, armed with a search warrant, conducted a search of defendant's home and found a box containing 205 capsules. The box also contained several small cellophane-type envelopes and several manila-

type envelopes. Each of the 205 capsules was of identical coloration — half red and half blue. Each had the identical code number "Lilly F 65" impressed upon it. State's witness William S. Best, who was qualified as an expert witness in the field of chemical analysis, testified that he received 205 capsules from SBI Agent Stewart, that he tested some of them and found that they contained a combination of two separate and distinct barbiturates, amytal and seconal. He stated that the code number "65" on the Eli Lilly product indicated that the capsules were "Tuinal", a brand name adopted by Eli Lilly for capsules containing amytal sodium and seconal sodium. He stated that he did not test all 205 capsules and that he did not know exactly how many he did test. The witness said that he usually tested three or four and looked at the others to see if they all had the same physical appearance.

The State further offered evidence which tended to show that the capsules tested by the witness Best were the same capsules found in defendant's home.

Defendant's evidence tended to show that he was a member of the armed services, stationed at Fort Bragg, and that he found the box containing the capsules and envelopes behind a service club at the training center some three or four weeks before the search; he did not intend to use or sell them and he did not know what they were; that it was his intention to throw them out, but after putting them in the dresser he had forgotten all about them.

The jury returned a verdict of "guilty of possession of narcotic drugs for the purpose of sale." The jury was polled, and all the jurors assented to the verdict. The court thereupon entered judgment committing defendant to the custody of the Commissioner of Corrections for not less than two nor more than four years, to be assigned to do labor as provided by law.

Defendant appealed to the North Carolina Court of Appeals and that court found no error in the trial below. Defendant petitioned this Court for certiorari to the North Carolina Court of Appeals to review its decision pursuant to G.S. 7A-31(c)(1) and (2). The petition was allowed by order dated 10 December 1969.

*Attorney General Morgan and Trial Attorney James E. Magner, Jr., for the State.*

*Downing, Downing and David for defendant.*

BRANCH, J.

Defendant assigns as error the trial court's failure to allow his motion for judgment as of nonsuit.

The portions of the statute relevant to decision in this case are as follows:

"§ 90-113.2.   Prohibited acts. — It shall be unlawful:

"(3)   For any person to possess a barbiturate or stimulant drug unless such person obtained such barbiturate or stimulant drug in good faith on the prescription of a practitioner in accordance with subdivision (1)a or in accordance with subdivision (1)c of this section or in good faith from a person licensed by the laws of any other state or the District of Columbia to prescribe or dispense barbiturate or stimulant drugs.

.   .   .   .

"(5)   For any person to possess for the purpose of sale, barter, exchange, dispensing, supplying, giving away, or furnishing any barbiturate or stimulant drugs; and, provided, the possession of one hundred or more tablets, capsules or other dosage forms containing either barbiturate or stimulant drugs, or a combination of both, shall be prima facie evidence that such possession is for the purpose of sale, barter, exchange, dispensing, supplying, giving away, or furnishing."

"§ 90-113.8.   Penalties. — (a) Any person who violates, or who conspires with, aids, abets, or procures another to violate, G.S. 90-113.2(5) relating to the illegal possession for the purpose of sale, barter, exchange, dispensing, supplying, giving away, or furnishing of barbiturate or stimulant drugs, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not less than six months, nor more than five years. Upon a second or subsequent conviction for a violation of G.S. 90-113.2(5) the punishment shall be imprisonment for not less than one nor more than ten years.

"(b)   Any person who violates, or conspires with, aids, abets, or procures another to violate, any provision of this article, other than G.S. 90-113.2(5), shall be guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one thousand dollars ($1,000.00), or by imprisonment for not more than two years, or both, in the discretion of the court. Upon a second or subsequent conviction for a violation of any provision of this article, other than G.S. 90-113.2(5), the de-

fendant shall be guilty of a felony and shall be fined or imprisoned, or both, in the discretion of the court."

G.S. 90-113.2 and G.S. 90-113.3 enumerate certain specific exceptions to and exemptions from the prohibited acts contained in Article 5A, Chapter 90.

[1] Defendant does not challenge the testimony of witness William Best to the effect that the capsules actually tested contained the barbiturate prohibited by statute. He simply contends that, without testing 100 or more of the capsules, the testimony of the witness does not create prima facie evidence that defendant's possession of the capsules was for the purpose of sale, barter, exchange, dispensing, supplying, giving away, or furnishing, and that the State's other evidence is not sufficient, standing alone, to carry the case to the jury.

The well-recognized rules regarding sufficiency of evidence to withstand nonsuit are stated in *State v. Bogan*, 266 N.C. 99, 145 S.E. 2d 374, as follows:

"The test of its sufficiency to withstand the motion for nonsuit, however, is the same whether the evidence is circumstantial, direct, or both. *State v. Stephens*, 244 N.C. 380, 93 S.E. 2d 431. 'If there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.' *State v. Johnson*, 199 N.C. 429, 431, 154 S.E. 730, 731. . . . It does not mean that the evidence, in the court's opinion, excludes every reasonable hypothesis of innocence. Should the court decide that the State has offered substantial evidence of defendant's guilt, it then becomes a question for the jury whether this evidence establishes beyond a reasonable doubt that defendant, and no other person, committed the crime charged. *State v. Thompson*, 256 N.C. 593, 124 S.E. 2d 728."

An examination of the Addendum to the Record and the transcript of evidence taken in this case reveals testimony by the witness Best that he selected at random some of the capsules delivered to him for testing, and by chemical test found the capsules to contain two barbiturates, namely, seconal and amytal, which are the constituent parts of a drug sold under the name Tuinal; the remaining capsules were all identical in coloration, each had an identical code number — "Lilly F 65" — impressed upon it, and the code number indicated that it contained Tuinal, the brand name adopted by the Eli Lilly Company for its product containing component parts identical to those found by Mr. Best in the capsules tested.

From this evidence the jury could find that defendant had in his possession 100 or more tablets containing barbiturate drugs. If this finding be made, the fact so found is prima facie evidence that the possession was for the purpose of sale, barter, exchange, dispensing, supplying, giving away, or furnishing.

**[2-7]**    A prima facie case does nothing more than carry the case to the jury for its determination. *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163. Likewise, prima facie evidence is no more than sufficient evidence to establish the vital facts without further proof, if it satisfies the jury. In a criminal case the jury is at full liberty to acquit the defendant if it is not satisfied from all the evidence — including prima facie evidence — that defendant's guilt has been proven beyond a reasonable doubt. In short, the inference or conclusion which may be drawn from certain facts recited in the statute may justify, but not compel, a verdict adverse to the defendant. Ordinarily, the establishment of prima facie evidence does not shift the burden of the issue from the State to the defendant. *State v. Bryant,* 245 N.C. 645, 97 S.E. 2d 264; *State v. Wilkerson,* 164 N.C. 431, 79 S.E. 888. However, defendant is indicted under Article 5A, Chapter 90, of the General Statutes, and G.S. 90-113.4 (contained in Article 5A) specifically provided:

> "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this article, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this article, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant."

Thus it is not necessary for the State to offer proof negativing any such exception, excuse, proviso or exemption contained in Article 5A. G.S. 90-113.4; *State v. Cooke,* 270 N.C. 644, 155 S.E. 2d 165.

In the instant case the prima facie evidence relating to possession of the barbiturate drugs for the purpose of sale, barter, exchange, dispensing, supplying, giving away, or furnishing is reinforced by other evidence showing concealment and the presence of envelopes within the box containing the capsules, which permits further inference consistent with barter, sale, exchange, dispensing, supplying, giving away, or furnishing.

**[1]**    We hold that the Court of Appeals properly decided that "There was ample evidence to require submission of the case to the jury."

Defendant next assigns as error the failure of the trial judge to

submit to and instruct the jury upon the question of defendant's guilt of the misdemeanor, possession of barbiturate drugs, G.S. 90-113.2(3).

[8-11]   It is a universal rule that an indictment must allege all the elements of the offense charged. A defendant is entitled to be informed of the accusation against him and to be tried accordingly. *State v. Wilkerson, supra; State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917. It is also well recognized in North Carolina that when a defendant is indicted for a criminal offense he may be convicted of the charged offense or of a lesser included offense when the greater offense charged in the bill contains all the essential elements of the lesser offense, all of which could be proved by proof of the allegations of fact contained in the indictment. G.S. 15-170; *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44; *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233; Wharton's Criminal Law and Procedure, Vol. 4 Sec. 1799, at 631. Further, when such lesser included offense is supported by some evidence, a "defendant is entitled to have the different views arising on the evidence presented to the jury upon proper instructions, and an error in this respect is not cured by a verdict finding the defendant guilty of a higher degree of the same crime, for in such case, it cannot be known whether the jury would have convicted of the lesser degree if the different views, arising on the evidence, had been correctly presented in the court's charge." *State v. Childress,* 228 N.C. 208, 45 S.E. 2d 42. *State v. Burnett,* 213 N.C. 153, 195 S.E. 356; *State v. Keaton,* 206 N.C. 682. 175 S.E. 296. When there is evidence to support the milder verdict, the court must charge upon it even when there is no specific prayer for the instruction. *State v. Wagoner,* 249 N.C. 637, 107 S.E. 2d 83.

Thus, in order to sustain this assignment of error it must be established (1) that the misdemeanor of possession of barbiturate or stimulant drugs (G.S. 90-113.2(3)) is a lesser included offense of the felony of possession of barbiturate or stimulant drugs for sale, barter, exchange, dispensing, supplying, giving away, or furnishing (G.S. 90-113.2(5)) and (2) there must be some evidence that the lesser degree of the crime has been committed.

The Court of Appeals, in deciding that G.S. 90-113.2(3) was not a lesser included offense of G.S. 90-113.2(5), relied upon the case of *State v. Cofield,* 247 N.C. 185, 100 S.E. 2d 355. There the Court, in construing G.S. 18-50, which makes it a general misdemeanor to possess intoxicating liquor for the purpose of sale, and G.S. 18-48, which makes it a general misdemeanor to possess whiskey upon which taxes imposed by the United States Congress or the State of North

Carolina have not been paid, held that "Each statute creates a specific criminal offense, and a violation of G.S. 18-48 is not a lesser offense included in the offense defined in G.S. 18-50." In *Cofield* the Court cited *State v. Morgan*, 246 N.C. 596, 99 S.E. 2d 764; *State v. Daniels*, 244 N.C. 671, 94 S.E. 2d 799; *State v. Hall*, 240 N.C. 109, 81 S.E. 2d 189; *State v. Peterson*, 226 N.C. 255, 37 S.E. 2d 591; *State v. McNeill*, 225 N.C. 560, 35 S.E. 2d 629. An examination of these cited cases discloses that each cites as authority and relies upon the reasoning contained in the case of *State v. McNeill, supra*. In *McNeill* the defendant was charged by warrant with possession of illicit liquor for the purpose of sale, a violation of G.S. 18-50. There was no other count or charge contained in the warrant. The Court, holding that there was insufficient evidence to go to the jury as to possession for the purpose of sale and that defendant could not be convicted of possessing nontaxpaid liquor, stated:

> ". . . (T)he charge contained in the warrant under which the defendant was held to answer was possession of illicit liquor for the purpose of sale. There was no other count or other charge in the warrant. Manifestly the defendant was charged with violation of G.S., 18-50. She could not be convicted under 18-48. These two statutes define misdemeanors and are on equal footing. Neither prescribes or includes a lesser offense or one of lesser degree. G.S., 18-48, may not be regarded as constituting a lesser or different offense embraced in G.S., 18-50."

This line of cases is distinguishable from the instant case, because in the cases construing G.S. 18-48 and 18-50 there was no *lesser* offense to be included. Both statutes create misdemeanors of the same dignity, and a violation of either of the statutes would warrant identical punishment.

[12]    The indictment in the instant case, in part, charged that defendant "unlawfully, wilfully and feloniously did possess and have under his control . . . a barbiturate drug . . . for the purpose of sale, barter, exchange, dispensing, supplying, giving away, and furnishing." The exceptions to and exemptions from the provisions of the two statutes here considered are not constituent elements of the crimes which they create, but are matters which defendant *may* prove as defenses to the charges created by the respective statutes. *State v. Cooke, supra*. Thus, to prove the felony as charged, the State must prove (1) unlawful possession of the barbiturate and (2) that it was possessed "for the purpose of sale, barter, exchange, . . . ." To prove the misdemeanor, G.S. 90-113.2(3), the State must only prove unlawful possession of the drug.

**[13]**    Although not separately stated, the indictment in the instant case charging the felony, G.S. 90-113.2(5), included all the elements necessary to prove the misdemeanor, G.S. 90-113.2(3), and these elements could be proven by proof of the facts alleged in the indictment. We therefore hold that the misdemeanor created by G.S. 90-113.2(3) is a lesser included offense of the crime alleged in the bill of indictment.

**[14]**    There was ample evidence which would allow the jury to find that the included crime of less degree was committed by the defendant. Thus, the trial court erred when it failed to submit to and instruct the jury upon the question of defendant's guilt of the misdemeanor, G.S. 90-113.2(3).

**[15]**    Finally, defendant requests the court, in the exercise of its supervisory jurisdiction, to examine the bill of indictment. He contends that there was jurisdictional failure because the bill alleges that the defendant possessed the barbiturates for the purpose of sale, barter, exchange, supplying, giving away, *and* furnishing. The statute has the word *"or"* between the words "giving away" and the word "furnishing."

This contention is without merit. The rule in North Carolina is that where a statute sets forth several ways by which the offense may be committed, the warrant or indictment correctly charges conjunctively. *State v. Chestnutt,* 241 N.C. 401, 85 S.E. 2d 297; *State v. Albarty,* 238 N.C. 130, 76 S.E. 2d 381; *State v. Anderson and State v. Brown,* 265 N.C. 548, 144 S.E. 2d 581.

This case is remanded to the North Carolina Court of Appeals with direction that it remand it to Superior Court of Cumberland County for a new trial in accordance with the principles herein stated.

New trial.