STATE OF NORTH CAROLINA v. HERMAN EUGENE TURNER

No. 7028SC280

(Filed 24 June 1970)

1. **Criminal Law § 140— concurrent sentences of unequal duration — validity**

    A sentence of five years' imprisonment to run concurrently with a sentence of 18 to 24 months' imprisonment which defendant was already serving is permissible, although the two sentences are not of equal duration; there is no merit to defendant's contention that he should not serve the five-year sentence beyond the expiration of the 18-24 months' sentence.

2. **Indictment and Warrant § 8— duplicity — waiver by defendant**

    A defendant who fails to make a motion to quash the indictment waives his opportunity to contest the duplicity of the indictment.

3. **Larceny § 10; Receiving Stolen Goods § 7; Criminal Law § 137— indictment alleging larceny and receiving — single judgment — validity**

In a prosecution upon indictment charging defendant with larceny and with receiving stolen goods, a single judgment imposed upon a verdict of "guilty as charged" will be upheld when the prosecution is free from error.

**4. Larceny § 4— sufficiency of indictment to bar subsequent prosecution**

Indictment in automobile larceny prosecution is sufficient to bar prosecution for the same offense where the indictment specifies the year, make, tag number and value of the automobile, and also specifies the name and address of the owner and the date of the larceny.

APPEAL by defendant from *Snepp, J.,* 1 December 1969 Schedule B Session of BUNCOMBE County Superior Court.

Defendant was charged in an indictment with felonious larceny of an automobile and operating a motor vehicle without an operator's license. The State took a nol pros on the latter count. The pertinent portion of the indictment reads as follows: "EUGENE EDWARD TURNER alias HERMAN EUGENE TURNER, late of said County, unlawfully and wilfully and feloniously did steal, take and carry away a 1962 model Ford automobile, of the value $500.00, of the goods and chattels of one Hugh Hyder, Rt. 2, Weaverville, N. C., before then feloniously stolen, taken, and there well knowing said automobile to have been feloniously stolen, taken and carried away said automobile, license no. DV-1634, . . ." Defendant pleaded guilty to the foregoing charge, waived presentment of evidence and the court found such plea to be freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. Defendant acknowledged that he was presently serving two concurrent 18 to 24 month sentences and requested, through court-appointed counsel, that whatever sentence the court imposed would run concurrently with the sentences he was then serving. The court then sentenced defendant to serve five years, "to run concurrently with the sentences he is presently serving in the Department of Correction."

By letter defendant gave notice of appeal and a different counsel was appointed to perfect said appeal.

*Attorney General Robert Morgan by Staff Attorney L. Phillip Covington for the State.*

*Scott N. Brown, Jr., for defendant appellant.*

MORRIS, J.

[1] Defendant contends in his first assignment of error that "con-

current" means "contemporaneous with and equal in duration", that a five-year sentence cannot be concurrent with a sentence of 18 to 24 months, that such a sentence is ambiguous and therefore he should not serve any longer than the sentences he was serving at the time the five-year sentence was imposed. He also contends that under *In re Parker*, 225 N.C. 369, 35 S.E. 2d 169 (1945), the judgment is insufficient for vagueness because it referred to sentences then being served by defendant which were incapable of accurate computation without reference to matters dehors the record. These contentions are without merit and are overruled. Though similar to defendant's first contention, *In re Parker, supra,* is not in point as the question there was whether the sentence imposed was to run concurrently or consecutively, it not being clear from the judgment. The Court held that if the judgment did not make it perfectly clear that the sentence being imposed was to run at the expiration of any sentences presently being served, then the defendant would be given the benefit of the doubt and the sentence would begin immediately. As a result of that holding the defendant in *Parker* was discharged because he had served the period of the sentence imposed by the judgment in question while serving an earlier sentence. In the case at bar the court specifically stated that the sentence was to run concurrently with those acknowledged by defendant. Indeed, the court was granting defendant's own request that the sentence, if any, run concurrently. It must be pointed out that the two sentences in *Parker* were not of equal duration. To sustain defendant's contention that concurrent sentences must be construed to end with a prior but shorter sentence would obviously result in the abandonment of the use of concurrent sentencing procedures and consequently work to the detriment of all persons who may be sentenced for commission of a crime while serving other sentences. Defendant's second contention fails to consider the fact that the five-year sentence is longer than those acknowledged by defendant and will consequently exceed the prior sentences. The specificity requirements of *Parker* do not apply because the five-year sentence is to begin immediately and is capable of being accurately determined. In *Parker* the question was when would the new sentence begin, and based on the judgment, the answer could not be determined with specificity.

[2-4]    Defendant contends in his second assignment of error that the indictment was defective because it attempted to include two separate offenses in one count and because it failed to state the offense in sufficient detail to bar a subsequent prosecution for the same offense. These contentions are without merit and are overruled. By his failure to move to quash the indictment defendant has waived

his opportunity to contest the duplicity of the indictment. *Blakeney v. State*, 2 N.C. App. 312, 163 S.E. 2d 69 (1968), and cases there cited. Defendant argues that the indictment charged him with the larceny of and receiving the same property and that since one person cannot be guilty of both, the indictment is fatally defective. We agree that larceny and receiving are separate crimes and that a plea of guilty of stealing property and of receiving the same property knowing it to have been stolen will not support separate, cumulative sentences. *In re Powell*, 241 N.C. 288, 84 S.E. 2d 906 (1954). However, defendant's position is untenable in view of *State v. Meshaw*, 246 N.C. 205, 98 S.E. 2d 13 (1957), where it is said:

> "Our decisions are to the effect that, if there is a verdict of 'guilty as charged' and the trial is free from error, or if there is a plea of guilty as charged, *a single judgment* pronounced thereon will be upheld. (citations omitted.) In such case, it is regarded immaterial whether the verdict be considered as relating to the larceny count or to the 'receiving' count. In short, since it has been established that the defendant is guilty of one *or* the other, in either case the judgment is sufficiently supported."

The year, make, tag number and value of the automobile were specified in the bill of indictment, in addition to the name and address of the owner and the date of the larceny. This is clearly sufficient to bar any subsequent prosecution for the same offense.

For the reasons contained herein, we find

No error.

MALLARD, C.J., and GRAHAM, J., concur.