STATE OF NORTH CAROLINA v. HUGH McDONALD KELLY

No. 715SC493

(Filed 23 February 1972)

1. Narcotics § 2— unlawful possession of hypodermic syringe and needle — indictment

A bill of indictment drafted substantially in the language of [former] G.S. 90-108 was sufficient to charge the offense of unlawful possession of a hypodermic syringe and needle for the purpose of administering habit-forming drugs.

2. Indictment and Warrant § 9— allegation of two offenses alternatively

Two or more offenses cannot, in the absence of statutory permission, be alleged alternatively in the same count.

3. Indictment and Warrant § 9— alternative means of committing crime — use of "or" in indictment

When a statute specifies several means or ways in which an offense may be committed in the alternative, the indictment should not allege such means or ways in the alternative; the proper way is to connect the various allegations in the indictment with the conjunctive term "and" and not with the word "or."

4. Indictment and Warrant § 9— improper use of disjunctive — fatal defect

Whether the improper use of the disjunctive constitutes a fatal defect in an indictment depends upon whether such use renders the indictment uncertain.

**5. Indictment and Warrant § 9; Narcotics § 2— possession of "hypodermic syringe or needle" — allegation in indictment**

　　An allegation in the disjunctive that defendant possessed a "hypodermic syringe or needle" did not render the indictment fatally defective for uncertainty, since the statute under which defendant was charged, [former] G.S. 90-108, sets forth only one offense—that is, the unlawful possession of an instrument adapted for the use of habit-forming drugs.

**6. Indictment and Warrant § 8— waiver of duplicity**

　　Defendant waived any duplicity that might have existed in the indictment by going to trial without making a motion to quash.

**7. Criminal Law § 138; Narcotics § 5— unlawful possession of hypodermic needle — reduction of punishment by legislature**

　　Where, pending defendant's appeal from a sentence of not less than two nor more than three years imposed upon his conviction of the felony of unlawful possession of a hypodermic syringe and needle for the purpose of administering habit-forming drugs, the General Assembly reduced that offense to the grade of a general misdemeanor, defendant is entitled to have the maximum period of his sentence reduced to two years imprisonment. G.S. 90-113.4(b).

APPEAL by defendant from *Fountain, Judge,* 1 March 1971 Session of Superior Court held in NEW HANOVER County.

Defendant was brought to trial on a bill of indictment charging the following:

　　"That Hugh McDonald Kelly late of the County of New Hanover on the 29th day of January 1971 with force and arms, at and in the County aforesaid, did unlawfully, wilfully and feloniously have in his possession a hypodermic syringe or needle for the purpose of administering habit-forming drugs, and he, the said Hugh McDonald Kelly, did not have a valid certificate of a physician issued within the preceding year authorizing such possession, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The jury returned a verdict finding defendant "guilty of the offense of possession of Hypodermic needle & syringe."

Judgment was entered imposing a prison sentence for a term of not less than two nor more than three years. Defendant filed a written motion in arrest of judgment asserting that the bill of indictment was insufficient. The motion was denied and defendant excepted and appealed.

*Attorney General Morgan by Associate Attorney Poole for the State.*

*H. P. Laing for defendant appellant.*

GRAHAM, Judge.

The evidence and the charge are not included in the record and the only question defendant raises in his brief is whether the court erred in denying his motion in arrest of judgment. This presents for review the question of whether the bill of indictment is fatally defective. We hold that it is not.

The indictment is based on G.S. 90-108 which provided, at the time of defendant's arrest and trial, the following:

> "No person except a manufacturer of a wholesaler or a retail dealer in surgical instruments, pharmacist, physician, dentist, veterinarian, nurse or interne shall at any time have or possess a hypodermic syringe or needle or any instrument or implement adapted for the use of habit-forming drugs by subcutaneous injections and which is possesssed for the purpose of administering habit-forming drugs, unless such possession be authorized by the certificate of a physician issued within the period of one year prior thereto."

The bill of indictment is drafted substantially in the language of the statute. "A warrant or indictment following substantially the language of the statute is sufficient if and when it thereby charges the essentials of the offense 'in a plain, intelligible, and explicit manner.' G.S. 15-153; *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774. If the statutory words fail to do this they 'must be supplemented by other allegations which so plainly, intelligibly and explicitly set forth every essential element of the offense as to leave no doubt in the mind of the accused and the court as to the offense intended to be charged.' *State v. Cox,* 244 N.C. 57, 60, 92 S.E. 2d 413, 415 and cases cited." *State v. McBane,* 276 N.C. 60, 65, 170 S.E. 2d 913, 916.

[1] The language of the statute here involved plainly sets forth all of the essentials of the offense. In our opinion no supplementary allegations are needed in order to place defendant on notice as to the offense charged, enable the court to proceed to judgment, or bar a subsequent prosecution.

[2, 3] Defendant's principal complaint about the indictment is that it charges in the disjunctive or alternative by alleging "hypodermic syringe or needle," rather than in the conjunctive by the use of the word "and." Two or more offenses cannot, in the absence of statutory permission, be alleged alternatively in the same count. *State v. Helms,* 247 N.C. 740, 102 S.E. 2d 241. Moreover, it is always the better practice to use the conjunctive "and" rather than the disjunctive "or" where a statute sets forth disjunctively several means or ways by which an offense may be committed. " 'As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative; the proper way is to connect the various allegations in the accusing pleading with the conjunctive term "and" not with the word "or".' " *State v. Helms, supra* at 742, 102 S.E. 2d at 243. See also: *State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399; *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535; *State v. Chestnutt,* 241 N.C. 401, 85 S.E. 2d 297.

[4] Whether the improper use of the disjunctive constitutes a fatal defect in an indictment, or simply "poor pleading," depends upon whether such use renders the indictment uncertain. "The indictment should not charge a party disjunctively or alternatively, in such a manner as to leave it uncertain what is relied on as the accusation against him." *State v. Swaney, supra* at 612, 178 S.E. 2d at 405. "[T]he better rule seems now to be that 'or' is only fatal when the use of it renders the statement of the offense uncertain. . . ." *State v. Van Doran,* 109 N.C. 864, 865, 14 S.E. 32, 32.

[5] The statute under which defendant was charged sets forth only one offense; that is, the unlawful possession of an instrument adapted for the use of habit-forming drugs. The offense is proven when it is shown that a defendant had within his possession, under circumstances described in the statute, one or more hypodermic syringes, needles, or other instruments or implements adapted for the use of habit-forming drugs, or any combination thereof. The fact the indictment here charges hypodermic syringe *or* needle creates no uncertainty as to the offense. Apparently the indictment was treated as charging the possession of both hypodermic needle and syringe for the jury verdict found defendant guilty of possessing both.

[6] We further note that by going to trial without making a motion to quash, defendant waived any duplicity that *might*

have existed in the bill of indictment. The case of *State v. Merritt,* 244 N.C. 687, 94 S.E. 2d 825, is in point. There, Justice Rodman, speaking for the court stated:

> "Defendant moves this Court to quash the bill of indictment and in arrest of judgment. The bill follows the language of the statute and charges the operation of a motor vehicle 'while under the influence of intoxicating liquor, opiates or narcotic drugs.' The defendant insists that the use of the disjunctive 'or' instead of the conjunctive 'and' which might have been used renders his conviction void for uncertainty. Had the bill used the conjunctive word, no question could have been raised as to the sufficiency of the bill. The defendant could have required separate counts, one charging operation of a motor vehicle while under the influence of intoxicating liquor, the other charging the operation while under the influence of narcotics. By going to trial without making a motion to quash, he waived any duplicity which might exist in the bill. *S. v. Smith,* 240 N.C. 99, 81 S.E. 2d 263; *S. v. Puckett,* 211 N.C. 66, 189 S.E. 183; *S. v. Burnett,* 142 N.C. 577; *S. v. Hart,* 116 N.C. 976; *S. v. Mundy,* 182 N.C. 907, 110 S.E. 93; *S. v. Beal,* 199 N.C. 278, 154 S.E. 604."

In accord: *State v. Green,* 266 N.C. 785, 147 S.E. 2d 377; *State v. Strouth,* 266 N.C. 340, 145 S.E. 2d 852; *State v. Anderson* and *State v. Brown,* 265 N.C. 548, 144 S.E. 2d 581; *State v. Best,* 265 N.C. 477, 144 S.E. 2d 416; *State v. Thompson,* 257 N.C. 452, 126 S.E. 2d 58; *State v. Turner,* 8 N.C. App. 541, 174 S.E. 2d 863; *Blakeney v. State,* 2 N.C. App. 312, 163 S.E. 2d 69.

[7]　While this case was on appeal to this Court, the Act of the 1971 General Assembly, entitled "North Carolina Controlled Substances Act," became effective. This new Act replaced the former "Narcotic Drug Act" which included G.S. 90-108, the statute under which defendant was convicted. The new Act provides that prosecutions for any violation of law occurring prior to 1 January 1972 "shall not be affected by these repealers, or amendments, or abated by reason, thereof." No reference is made to the punishment to be imposed, and the offense for which defendant was convicted (formerly set forth in G.S. 90-108 and now set forth in G.S. 90-113.4) is reduced in the new Act from the grade of felony to that of a general misdemeanor. G.S. 90-113.4(b). The reduction inures to the benefit of defend-

ant. *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765; *State v. Pardon,* 272 N.C. 72, 157 S.E. 2d 698; *State v. McIntyre,* 13 N.C. App. 479, 186 S.E. 2d 207 (1972). "A judgment is not final so long as the case is pending on appeal." *State v. Pardon, supra* at 75, 157 S.E. 2d at 701. The judgment is therefore modified to reflect the grade of offense as that of a misdemeanor and by striking the portion providing "nor more than three (3) years," thereby reducing the maximum period of defendant's sentence to two years imprisonment.

Modified and affirmed.

Chief Judge MALLARD and Judge HEDRICK concur.