STATE OF NORTH CAROLINA v. JUANITA HAYES

No. 8718SC815

(Filed 16 February 1988)

**Homicide § 28.1— evidence of self-defense—refusal to instruct error**
Defendant's plea of not guilty to the felony of second degree murder entitled her to offer evidence that the killing was committed in self-defense, by accident, or both; and the trial court erred in refusing to instruct the jury on self-defense where the jury could have believed the State's evidence that the stabbing was intentional while also believing that part of defendant's evidence that she pulled the knife to protect herself from serious injury.

APPEAL by defendant from *Walker (Russell G., Jr.), Judge.* Judgment entered 13 March 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 1 February 1988.

Defendant was indicted on 3 February 1986 for the first degree murder of Keith Brown. A trial was had upon defendant's plea of not guilty to the felony of second degree murder.

There were material variations in the testimony of State's witnesses and defendant's witnesses as to what actually happened on the morning in question. The State's evidence generally tends to show that Brown and several other men were drinking alcoholic beverages in the parking lot of an apartment complex in Greensboro, North Carolina. At approximately 4:00 a.m., defendant and her friend Rhonda Braxton arrived at the parking lot. An argument ensued among Brown, defendant and Braxton. The argument escalated, and Brown struck defendant on at least one occasion and either threw or pushed her to the ground on one or more occasions. Defendant then departed in the direction of her home. Several minutes later defendant returned with a knife. The argument began anew and defendant, knife in hand, began chasing Brown. Brown stopped running, and the State's evidence conflicts as to what happened next. Brown either remained stationary or advanced on defendant. He was stabbed in the chest and died as a result of a stab wound which pierced his heart and liver.

Defendant's evidence generally tends to show that on the date alleged in the indictment she and Braxton went to the parking lot where Brown was present with some of his friends. Defendant testified she had left home carrying a knife for protection and that she had the knife in her possession when she arrived at the parking lot. An argument ensued between defendant, Brown and Braxton. The argument continued and escalated. Brown struck defendant several times and either pushed or threw her to the ground. Defendant left and started towards her home. While en route, she began to worry about Braxton's safety and returned to the parking lot. Brown came over to defendant and threw her to the ground again. Defendant, believing that Brown was trying to seriously injure her, pulled the knife. Brown then "charged" defendant and impaled himself on the knife. Defendant testified she did not intend to stab Brown.

The trial court submitted to the jury the possible verdicts of guilty of second degree murder, guilty of voluntary manslaughter, guilty of involuntary manslaughter and not guilty. The trial court instructed the jury on the theories of accident, misadventure, and culpable negligence but refused defendant's request to charge on self-defense. From a verdict of guilty of second degree murder and the judgment entered thereon, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Lucien Capone, III, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

SMITH, Judge.

By her first assignment of error, defendant contends the trial court erred in refusing to instruct the jury on self-defense. We agree. Defendant's plea of not guilty to the felony of second degree murder entitled her to offer evidence that the killing was committed in self-defense, by accident or both; no election was required. *State v. Wagoner,* 249 N.C. 637, 107 S.E. 2d 83 (1959); *State v. Adams,* 2 N.C. App. 282, 163 S.E. 2d 1 (1968).

In this case, the State's evidence tends to show the killing was intentional while defendant's evidence tends to show that although defendant brandished the knife to protect herself from serious injury, the killing was unintentional. In evaluating the testimony, the jury is free to believe all, some or none of a particular witness's testimony. *State v. Magnum,* 245 N.C. 323, 96 S.E. 2d 39 (1957); *State v. Simpson,* 244 N.C. 325, 93 S.E. 2d 425 (1956).

Before the defendant is entitled to an instruction on self-defense, two questions must be answered in the affirmative: (1) Is there *any* evidence that the defendant in fact formed a belief that it was necessary to kill [her] adversary in order to protect [herself] from death or great bodily harm, and (2) if so, was that belief reasonable? If both queries are answered in the affirmative, then an instruction on self-defense must be given.

*State v. Bush,* 307 N.C. 152, 160, 297 S.E. 2d 563, 569 (1982) (emphasis added). In the case *sub judice* the jury could have believed that portion of the State's evidence tending to show an intentional stabbing while also believing that part of defendant's evidence tending to show defendant pulled the knife to protect herself from serious injury at the hands of Brown. "The contradictory statements made [at trial] do not cancel out the testimony given . . . . Evidence of contradictory statements bear on the weight to be given the testimony—[a question] for the jury." *State v. Wagoner,* 249 N.C. at 639, 107 S.E. 2d at 85.

This case is distinguishable from *State v. Wallace,* 309 N.C. 141, 305 S.E. 2d 548 (1983), in which the Supreme Court held no instructions on self-defense were required. In that case, there was no evidence from which the jury could have found that defendant believed it necessary to kill the deceased in order to save himself from death or great bodily harm or from which it could have found defendant intentionally killed the deceased while protecting himself. In this case, the facts not only required the instructions given by the trial court but also required an instruction on self-defense.

> [D]efendant's evidence, if believed, could support a verdict of involuntary manslaughter on the theory that the killing was the result of . . . reckless, but unintentional use of [a] knife. In essence, defendant's position in the case is that the killing was unintentional and accidental for which no criminal responsibility should attach. At most, the killing was the result of [her] reckless use of the knife which would amount to involuntary manslaughter. If, however, the jury should conclude that [she] intentionally wielded the knife, then it [could] acquit [her] on the grounds of self-defense. We think all of these alternatives are supported by the evidence.

*State v. Buck,* 310 N.C. 602, 606, 313 S.E. 2d 550, 553 (1984).

Defendant also assigns error to the State's peremptory removal of a potential juror. In view of our decision that defendant is entitled to a new trial, it is not necessary to discuss this assignment of error.

If, at a subsequent trial, the evidence is substantially the same as presented at the initial trial, all of the above instructions must be given to the jury.

New trial.

Chief Judge HEDRICK and Judge BECTON concur.